Filed Jan. 16, 1892.

---

No. 15,232.

## Rassier v. Grimmer, Trustee, et al.

| 130 | 219 |
|-----|-----|
| 130 | 106 |
| 130 | 219 |
| 134 | 264 |
| 130 | 219 |
| 162 | 405 |

Highway.—*Collateral Attack on Order Establishing.*—A collateral attack on an order of a board of county commissioners establishing a highway can only succeed when such order is void; and if it is simply irregular or erroneous, the remedy is by appeal to the circuit court.

Same.—*Jurisdiction of Board of County Commissioners.*—The board of county commissioners has jurisdiction of all highways of its county outside of incorporated towns and cities.

Same.—*Establishment of.*—*Compensation to Land-Owner.*—While under the Constitution no one's land can be taken for the establishment of a highway without compensation, such compensation need not be made in money. Benefits accruing to the land from the establishment of the highway may Constitute full and just compensation within the meaning of the constitution.

County Commissioners.—*Presumption as to Regularity of Judgment.*—*Collateral Attack.*— *Courts of Limited Jurisdiction.*— A board of county commissioners is a court of limited jurisdiction, and the same presumption of regularity does not attach to it as does to courts of general jurisdiction; but when it affirmatively appears that it has acquired jurisdiction both of the subject-matter and of the parties, and the judgment is such as it might rightfully render in such a case, the same presumption of regularity attaches to its proceedings as to

the proceedings of a court of general jurisdiction, and its judgments are alike unassailable by collateral attack.

From the Lake Circuit Court.

*T. J. Wood* and *M. Wood*, for appellant.

*T. S. Fancher*, for appellees.

McBride, J.—By this suit the appellant sought to enjoin the appellees, who are respectively township trustee and road supervisor, from opening a certain highway which had previously been ordered established by the board of commissioners of Lake county. The appellant insists that the order for the establishment of the highway is void. We quote from the complaint the averments of fact relating to the alleged invalidity of the order: " The plaintiff further avers that the board of county commissioners of Lake county, Indiana, appointed viewers to appraise the damage that the opening of a certain road would cause to plaintiff's said land, and they made their report to said board in these words, to wit: ' To Michael Rassier no damages.' That said board at their ——— term, 1888, approved said report in these words, to wit: ' That said report is approved, and the road ordered opened. Road to be 60 feet wide, according to said petition.' Said order of said court may be found on the commissioners' record No. 5, on page 475."

The appellant contends that the order for the establishment of the road is void for several reasons, and that he is, therefore, entitled to enjoin the officers from opening it.

The attack on the order of the board of commissioners is collateral, and can only succeed if the order is void. If it is simply irregular or erroneous, the remedy was by appeal from the board of commissioners to the circuit court.

. The board of commissioners had jurisdiction of the subject-matter. The subject-matter was the establishment of a highway in that county; and of all such matters outside of the limits of incorporated cities and towns the boards of

county commissioners have original and exclusive jurisdiction.

It is averred in the complaint that the board appointed viewers to appraise the damages that would accrue to the appellant's land by the opening of the proposed highway, who acted and made a report to the board. No viewers could be appointed for such a purpose until after the filing of a remonstrance by the appellant claiming damages.

Construing the pleading, as we must, most strongly against the pleader, and the complaint being silent as to such matters, it will be presumed that the usual procedure was followed, and that the viewers to assess damages were only appointed after appellant had appeared and filed his remonstrance. If so, the board also had jurisdiction of his person. It being thus shown by the complaint that the order establishing the highway was made by a court having jurisdiction both of the subject-matter and of the person of the party, and that it was such an order as they might rightfully make in a proper case, every presumption favors its regularity. It is incumbent on the party attacking it to show affirmatively that it is void.

In this case there is nothing before us to show that the order in question was void. The complaint does not purport to set out the record of the commissioners' court. It only sets out so much of the report of the viewers as relates to the damages claimed by the appellant and one isolated order made by the board.

While the commissioners' court is a court of limited jurisdiction, and the same presumption of regularity does not attach to the proceedings of such courts as to the proceedings of courts of general jurisdiction, yet, when it affirmatively appears that a court of limited jurisdiction has, in a given case, acquired jurisdiction both of the subject-matter and of the parties to the litigation, and that the judgment rendered is such as it might rightfully render in such a case, the same presumption of regularity attaches to its proceedings as to

the proceedings of a court of general jurisdiction, and its judgments are alike unassailable by collateral attack. *Stoddard* v. *Johnson*, 75 Ind. 20 ; *Argo* v. *Barthand*, 80 Ind. 63 ; *Featherston* v. *Small*, 77 Ind. 143 ; *Stipp* v. *Claman*, 123 Ind. 532 (537).

The circuit court sustained a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and in this it did not err. No facts were pleaded sufficient to justify a collateral attack on the order of the board, or to entitle the appellant to relief by injunction. No other error is assigned.

Judgment affirmed.

Filed Oct. 30, 1891.

## ON PETITION FOR REHEARING.

McBRIDE, J.—The appellant has filed an exceedingly earnest petition and brief for a rehearing.

Counsel insist that the court has overlooked one fact which renders the order of the board of commissioners establishing the highway in question void, and hence open to collateral attack.

It is argued that the record affirmatively shows a taking of the appellant's property without compensation. If the fact assumed does affirmatively appear from the record, appellant is right in his contention. Section 21, of article 1, of the Constitution of the State, declares that " No man's property shall be taken by law without just compensation." If the record of the board of commissioners, relating to the highway in question, affirmatively shows that the appellant's land has been taken for the making of such highway, without compensation to him, the order purporting to establish it is not merely voidable, but is void. But is such fact shown by the record ? Appellant claims that it rests upon the report made by the viewers, of " no damage" to him. The substance of his contention is that the record showing the actual taking of his land for the highway, the

inference of damage necessarily and conclusively follows, and that in the face of this inference the statement that he sustains no damage is without force; that it is conclusively overthrown by the fact that his land is actually taken. Subjecting one's land to the easement of a highway is a taking, within the meaning of the constitutional inhibition, and land can not be thus appropriated without compensation.

This, however, does not necessarily require that compensation be made in money. This court, in considering this question, in the case of *McIntire* v. *State*, 5 Blackf. 384, used the following language : " From this review of the statutes bearing on the question before us, and embracing the very time of the adoption of the Constitution, we can not doubt that its authors, in providing that 'just compensation' should be made for private property taken for public use, designed to convey the meaning which had been attached to that phrase by the community for more than seventeen years, and which has since remained unquestioned for a longer period of time. That meaning is, not that property thus taken shall be valued and its price paid in money, but that the individual who claims to be a sufferer, in consequence of the exercise of the right of eminent domain over his property, shall be recompensed for the actual injury which he may have sustained, all circumstances considered, by the measure of which he complains. In ascertaining the extent of the injury, undoubtedly, an estimation of the value of the property taken, at the time of taking, is a necessary step ; but if the benefits really and substantially resulting to the claimant equal, in pecuniary value, the value of that of which the public has deprived him, we conceive they constitute a just and constitutional compensation for the deprivation to which he has been subjected."

The foregoing language was quoted and approved in *Hagaman* v. *Moore*, 84 Ind. 496.

In the case at bar, as stated in the orignal opinion, it being shown in the averments of the complaint that the board of commissioners had jurisdiction, both of the subject-matter

and the parties, the same presumptions of regularity attach to their proceedings as would attach to the proceedings of a court of general jurisdiction. Unless plainly shown by the record, it will not be presumed that they have taken the property of the appellant in violation of his constitutional right. Such fact will not be presumed, because the report of the reviewers declares that he sustains no damage. On the contrary, the court, being required to indulge every presumption in support of the action of the board, must presume that, having considered the fact of the taking of appellant's land, in connection with all other facts relating thereto, the reviewers and the board reached the conclusion that benefits enuring to the land by reason of the location of the highway equalled the damage caused by the easement imposed, and hence there was "no damage." This being true, the record discloses no fact which would render the proceeding void; nor is any such fact averred in the complaint. The appellant had a full and adequate remedy by appeal, but can not successfully collaterally attack the order establishing the road.

Petition for rehearing overruled.

Filed Jan. 28, 1892.