PHILLIPS, TRUSTEE, ET AL. *v.* HUTCHINSON ET AL.

[No. 4,988.    Filed January 26, 1905.]

1.    JUDGMENT.—*Highway Proceedings.—Jurisdiction.—Collateral Attack.*—An action to declare fraudulent and void the judgment rendered and proceedings before a board of commissioners in a highway proceeding on the ground that the viewers therein appointed made an unfavorable report, and afterwards, without the consent of one of such viewers, the other two fraudulently took such report from the files and changed it to a favorable report, can not be maintained where the complaint fails to show that such board did not have jurisdiction of the subject-matter or the persons, since such action is a collateral attack, and irregularities in the proceedings or judgment do not render them void, the remedy being by appeal.    p. 489.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Action by Robert M. Phillips, as trustee and individually, against Charles G. Hutchinson and others.    From a decree for defendants, plaintiffs appeal.    *Affirmed.*

*N. L. Agnew,* for appellants.
*William E. Pinney,* for appellees,

BLACK, J.—Robert M. Phillips, trustee of Porter township, Porter county, Indiana, and Robert M. Phillips, individually, brought suit against the appellees—a large number of persons, including three who constituted the board of commissioners of that county. The complaint was held insufficient on demurrer. In the complaint it was alleged that "the plaintiff" was a taxpayer and citizen of that township; that the defendants, Quick, Barnholt and Benton, constituted the board of commissioners of that county; that the defendants, except those three, on June 2, 1902, filed with the board of commissioners of the county the petition of such other defendants, in proper form, asking for the location of a certain highway, "on the following road"— describing the point of commencing, the course and the terminus; the route being on the boundary line between Porter and Morgan and Boone and Pleasant townships, in that county; that such proceedings were had at the June term, 1902, that the board appointed Lee G. Howell, S. A. Adams and Jerry Sherwood, viewers, to view and locate the road, if found to be of public utility; that June 11, 1902, the auditor of that county duly issued the order to these viewers to view and locate the road, and to report thereon as required by law; that June 28, 1902, these viewers qualified, by taking the proper oath faithfully to discharge their duties, before a notary public, named, of that county; and thereupon, on the same day, they proceeded to view the proposed route for the proposed highway, and on the same day, also, they filed their report in the office of the auditor of that county, in which they said: "We are of the opinion that said proposed new highway would be of no public utility, and therefore recommend that the petition aforesaid be not granted;" and all the viewers signed and acknowledged this report, and filed it in the office of the county auditor, and they separated and "went their several business ways" from the auditor's office; that thereupon the defendants, "except the board of commissioners, or some of them (the plaintiff is not informed which

one, except that the defendant William E. Pinney was one of them), took said report from the office of the auditor of said county, as aforesaid, and procured the said Lee G. Howell and Jerry Sherwood to go to the office of the said William E. Pinney, and, without the knowledge or consent of the said S. A. Adams, and after the said unfavorable report had been filed and left with the auditor of said county, as aforesaid, changed the same so that it read as follows: 'We are of the opinion that the said proposed new highway would be of great public utility, and therefore recommend that the petition aforesaid be granted'; that said report appears to be signed by S. A. Adams, but, as a matter of fact, he did not sign the same, except before it was so changed, and did not consent to said change, and refused to consent to change the same; that the same was thereafter refiled with the auditor of said county, on the 1st day of September, 1902, and the original file mark partially erased, so that it would appear that the said report was filed for the first time on said 1st day of September, 1902, whereas, in truth and in fact, the same had theretofore been filed and completed, and the power of said viewers exhausted, and neither the said viewers nor the said William E. Pinney, nor any other person, had power to withdraw and change and mutilate the same as aforesaid; that, in fact and in law, the said report of the said viewers was unfavorable, and was that the said road would not be of public utility, and that the said viewers thereafter had no conference and no power to have any conference, and made no change, and had no power to make any change, except that the said William E. Pinney, having obtained the consent thereto of part of said viewers, did change and mutilate and destroy the original unfavorable report, and substitute therefor a changed, mutilated, false, untrue, alleged and pretended report aforesaid."

It was further alleged that thereupon, at the September term, 1902, the defendants Barnholt, Quick and Benton, acting as the board of commissioners of the county, and in

session at the regular session in September, 1902, believing that the report was the report of all the viewers, as it appeared on its face to be, and being in ignorance of the fact of the mutilation and substitution as aforesaid, and believing that the three viewers aforesaid had reported that the highway would be of public utility, and•that the viewers had recommended the establishment thereof, entered an order establishing the highway, and ordering the same to be opened according to law, and thereafter the auditor of the county issued a warrant to the several trustees of said several townships, ordering the same to be opened; that this order to open the road was the first knowledge the petitioners had that the road was so ordered to be opened, or that there was any pretense that there was a favorable report on the road; that it is not of public utility, and is through a dense swamp that is not good ground upon which to build a road, and if it is constructed it will entail great expense and taxation, for the opening, building, constructing and repairing of the same, upon the citizens of said four townships, including the plaintiff; that he is the trustee of Porter township, and brings this action as such trustee in behalf of the township and all the taxpayers and citizens thereof, and also in his own behalf as a taxpayer and citizen of the township, "and because of his said interest and their said interests in the same." Prayer, that the order of the board of commissioners establishing the highway, and the report of the viewers on the highway, be set aside and declared void and fraudulent, and the order to the trustees of the several townships to open the road be declared void, as based upon the void and fraudulent report, and that the whole proceeding be declared void and fraudulent and of no force and effect, "and for all other and proper relief in the premises."

1. The action of the board of county commissioners in establishing the highway is attacked as being void because of an alleged irregularity in the proceeding before that

. body. The jurisdiction of the board is not impeached in any respect. The statute provides that the viewers, or. a majority of them, shall make a report of their proceedings at the ensuing session of the board of commissioners of the county, and provision is made for remonstrances, and for the appointment of reviewers, and for appeal. Though the board of county commissioners is a tribunal of limited and inferior jurisdiction, its determinations in cases wherein it has jurisdiction of the subject-matter and the parties are not subject to collateral attack. We need not determine whether or not the appellant appears to have such an interest as would qualify him to raise any question in the proceedings, or to make a direct attack upon the decision of the board. It is sufficient to say that a collateral attack could not be made by any person upon the grounds set forth in the complaint. See *Green* v. *Elliott* (1882), 86 Ind. 53; *Rassier* v. *Grimmer* (1892), 130 Ind. 219; *Cason* v. *Harrison* (1893), 135 Ind. 330.

Judgment affirmed.