## BROOKS, GUARDIAN, v. MORGAN.

[No. 5,702.    Filed December 8, 1905.]

1. JUDGMENT.—*Collateral Attack.—Drains.—Injunction.*—A suit to restrain defendant, a contractor, from constructing a public drain established by a judgment of the board of commissioners, is a collateral attack on such judgment, and such suit can not prevail unless the judgment is void.    p. 677.

2. SAME. — *Boards of Commissioners. — Binding Force.* — The judgment of the board of commissioners in a judicial action, where it has jurisdiction, is as binding as the judgment of a court of general jurisdiction.    p. 677.

3. SAME.—*Void.—Voidable.*—A judgment of a court of competent jurisdiction, having a defect, not appearing of record, which renders it invalid, is voidable and not void.    p. 677.

4. EVIDENCE.—*Judgment.—Boards of Commissioners.—Record.— Jurisdictional Facts.*—The judgment of a board of commissioners can be proved only by its record, and such record must show that the requisites of statutes, necessary to give jurisdiction, were strictly complied with so far as necessary to give jurisdiction, otherwise it is void.    p. 677.

5. JUDGMENT. — *Collateral Attack.—When Permissible.*—Where the records of an inferior court rendering judgment affirmatively show jurisdiction of the parties and its jurisdiction over the subject-matter is prescribed by law, such judgment is not subject to a collateral attack.    p. 678.

6. SAME.—*Collateral Attack.—Defective Notice.*—Where the defendant in an action before a court of inferior jurisdiction has been given a notice, though defective, and the court has held it sufficient to confer jurisdiction, a judgment in such action is not subject to collateral attack.    p. 678.

7. SAME. — *Validity. — Presumptions.—Collateral Attack.*—The complaint in an action collaterally attacking a judgment of a court of inferior jurisdiction must show that the record of such court affirmatively shows that the court had no jurisdiction, the presumption being, in the absence of such showing, that the court had jurisdiction.    p. 679.

8. PLEADING. — *Complaint. — Injunction. — Drains. — Establishment.—Collateral Attack.—Notice.*—A complaint to enjoin a contractor from constructing a public drain according to the judgment of the board of commissioners because plaintiff "had no notice of the filing of the petition for the construction of the drain or of any of the proceedings in the matter until within a

week before the filing of his complaint," is bad, since such complaint must negative the giving of the notice or notices prescribed by the drainage statutes, whether plaintiff actually had notice being immaterial.   p. 679.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Suit by Marion Brooks as guardian of Elizabeth Pilkerton, a person of unsound mind, against Simeon Morgan. From a decree for defendant, plaintiff appeals.   *Affirmed.*

*Roberts & Vestal,* for appellant.

*William S. Christian,* for appellee.

BLACK, P. J.—The court below sustained the appellee's demurrer for want of facts to the complaint of appellant, suing as the guardian of Elizabeth Pilkerton, a person of unsound mind and widow of Jesse Pilkerton, deceased.   It was alleged that she was the owner for life of certain described land in Hamilton county, of which she, by her guardian, was in possession.   It was averred that in 1898 Anderson Blanton and others filed in the auditor's office of that county a petition to the board of commissioners of the county to cause to be constructed a drain, for the purpose of draining the lands of the petitioners; that such proceedings were had thereunder that the board appointed three viewers to view the proposed route of the drain, and to report their doings thereon, as provided by law; that these viewers viewed the same and reported in favor of the establishing of the drain, and that it be established over and along a route described at length in the complaint herein, and they reported the number of acres benefited by the construction of the drain, and the assessments against the same for the construction, which assessments are set out in the complaint, among them being an assessment against a portion of said land of appellant's ward, designated as land of the Jesse Pilkerton estate; that the viewers recommended in their report that the drainage would be best accomplished by a ten-inch tile-drain from the beginning of certain stakes designated, and by tile-drain of different

and larger sizes, described, between other designated points, etc., with further recommendations stated concerning the drain; that the viewers further reported, allotting the ditch for the purpose of construction and assigning to each of the landowners so assessed their respective allotments; that the board approved the report and ordered the establishment of the ditch, and that it be constructed along the route described in the report; that such proceedings were had as that the drain was constructed in accordance with the report and order of the board, and the several persons whose lands were so reported and assessed constructed their respective allotments; that part of the land in which appellant's ward holds a life estate was assessed $20 for such construction; that appellant constructed said allotment against the Jesse Pilkerton estate at a cost equal to the assessment, to wit, $25, said drain at the commencement of the suit at bar having been for five years constructed and in successful operation and properly draining the land assessed for its construction, including the land of appellant's ward; that in wet seasons the drain is tested to its full capacity to carry off the water which flows into it from the lands so assessed, and the part of the drain which is tiled is filled to its utmost capacity. This drain, it is alleged, is known as the Blanton drain.

It is further alleged that in 1903 a petition was filed by Milton Hare and John Manford, with the auditor of the county, praying the board of commissioners of the county to cause to be constructed a certain drain for the purpose of draining the lands of the petitioners, and such proceedings were had thereunder before the board that at the July term, 1903, the board appointed three viewers to examine the proposed route of the drain, and to report their doings thereunder according to law; that these viewers afterward reported in favor of the drain, and filed their report in the auditor's office in September, 1903, recommending that the drain be established, and that the con-

struction thereof be ordered, and that the drain be located over and along a certain route described, the terminal point being in that part of the Blanton drain consisting of one row of ten-inch tile, and that certain lands would be benefited, with the names of owners and the number of acres assessed for construction, as set out at length in the complaint, the name of the appellant or that of his ward or that of said estate not occurring, and the ward's land not being mentioned; that the viewers further reported recommending that the ditch be not allotted for construction among the landowners assessed, but that it be constructed by letting the contract by sale by the auditor, as provided by law; that the board of commissioners approved this report and ordered that the drain be established and constructed over and along the route described in the report; and afterward the auditor, after duly advertising the same, let the construction to the appellee Simeon Morgan, who entered into a contract to construct the drain in accordance with the report and the order of the board of commissioners; and he was giving out in speeches that he would so construct the drain. It was alleged that the appellee would construct the drain unless enjoined by the court below; that the drain would empty into the Blanton drain some rods below its upper end and in a part thereof constructed with ten-inch tile; that the proposed drain where it would so empty would be of the same size as the Blanton drain; that the tiling in the proposed drain at wet seasons or after considerable rainfall would not be more than sufficient in size to carry the water that would fall and naturally would flow from the lands proposed to be assessed for its construction; that it would drain into the Blanton drain water from nearly thirty acres of land, not assessed for the construction of the Blanton drain, being lands of Hare and Goldsmith; that at the time of the assessments for the construction of the Blanton drain and of its construction said lands of Hare and Goldsmith were drained by an underground drain run-

ning in an easterly direction, and in no way connected with the Blanton drain, and those persons objected to having their lands assessed for the construction of the Blanton drain, for the reason that they were drained by the underground drain in an entirely different direction and through an entirely different outlet; that by the construction of the proposed drain a large volume of water from these lands of Hare and Goldsmith would be thrown through it into the Blanton drain, thereby throwing more water into it than it could carry, causing it to overflow and damage and ruin the public drain, to the irreparable injury of the Blanton drain, destroying its usefulness, and rendering it incapable of draining the lands which were assessed for its construction, including the land in which appellant's ward holds a life estate, nearly twenty acres of which drain into the Blanton drain; that a line of tile from this land empties into that part of the Blanton drain constructed by ten-inch tile; that this part of her land has no other outlet than into the Blanton drain; that, if the proposed Hare and Manford drain be constructed, the water from the lands of Hare and Goldsmith will be thrown upon and into the Blanton drain, causing said land of appellant's ward to be overflowed, rendering a part thereof too wet to grow crops, to the great and irreparable damage of the appellant and his ward's said life estate; "that plaintiff had no notice or knowledge of any kind whatever of the proposed construction of the drain petitioned for by said Hare and Manford; that he had no notice or knowledge of the filing of the petition for the construction of said drain, or of any proceedings in said matter, until within a week before the filing of this complaint; that plaintiff has no other or different remedy at law to prevent the injury to said Blanton drain, or to his ward's life estate in said land, other than to ask this court to restrain said Morgan from constructing said proposed drain petitioned for by said Hare and Manford. Wherefore plaintiff asks that defendant be enjoined from pro-

ceedings to construct said drain, and asks for all other just and equitable relief."

The suit is a collateral attack upon the action of the board of commissioners in relation to the Hare and Manford drain, and it can not be maintained unless it 1. be shown by the complaint that such action was void for want of jurisdiction. *Krug* v. *Davis* (1882), 85 Ind. 309; *Simonton* v. *Hays,* 88 Ind. 70; *Town of Cicero* v. *Williamson* (1883), 91 Ind. 541; *Young* v. *Sellers* (1886), 106 Ind. 101; *Rassier* v. *Grimmer* (1892), 130 Ind. 219.

The determination of the board of county commissioners, in a matter in which it acts in a judicial capacity, where it has jurisdiction of the subject-matter and of the 2. parties, is as binding upon the parties as are the adjudications of any other courts. *Maxwell* v. *Board, etc.* (1889), 119 Ind. 20; *Rassier* v. *Grimmer, supra.*

A judgment of a court of competent jurisdiction is not void, unless the thing lacking, or making it so, is 3. apparent on the face of the record. *Smith* v. *Hess* (1883), 91 Ind. 424; *Earl* v. *Earl* (1883), 91 Ind. 27.

The board of county commissioners is a court of record, and its acts can only be proved by its record. *State* v. *Conner* (1840), 5 Blackf. 325. Such board is an inferior court of special and limited statutory jurisdiction, whose records, to make them evidence of the validity of the acts of the court, must show that the requisites of the 4. statutes under which it acted were strictly complied with so far as necessary to give jurisdiction. *Rhode* v. *Davis* (1850), 2 Ind. 53; *Rosenthal* v. *Madison, etc., Plankroad Co.* (1858), 10 Ind. 358; *Hanna* v. *Board, etc.* (1867), 29 Ind. 170, 172; *Doctor* v. *Hartman* (1881), 74 Ind. 221; *State, ex rel.,* v. *Board, etc.* (1885), 101 Ind. 69. When sitting as a court, the board can speak by its record

only. *Board, etc., v. Cutler* (1855), 7 Ind. 6. The jurisdiction of the board, acting as an inferior court, must be shown in the court's own record. *Stoddard v. Johnson* (1881), 75 Ind. 20, 32. Presumptions will not be indulged in favor of the board's jurisdiction, and its judgment will be void unless it be affirmatively shown that jurisdiction was acquired. *Wilkinson v. Moore* (1881), 79 Ind. 397. The record of such a court, as against collateral attack, imports absolute verity. *Friedline v. State* (1884), 93 Ind. 366; *Weir v. State, ex rel.* (1884), 96 Ind. 311.

Where the jurisdiction of an inferior court over the subject-matter and the parties is established, the same presumptions exist in favor of the regularity of the action of such court as exist in favor of the action of a court of general jurisdiction, and the judgment rendered by such inferior court, in such case, is not subject to collateral attack. *Stoddard v. Johnson, supra,* and cases cited; *Grusenmeyer v. City of Logansport* (1881), 76 Ind. 549; *Featherston v. Small* (1881), 77 Ind. 143; *Argo v. Barthand* (1881), 80 Ind. 63; *Million v. Board, etc.* (1883), 89 Ind. 5; *Simonton v. Hays* (1882), 88 Ind. 70; *Board, etc., v. Montgomery* (1886), 106 Ind. 517. The record of a court of limited and inferior jurisdiction, which affirmatively shows upon its face that such court had jurisdiction of the subject-matter and of the person of the defendant, is entitled to the same respect and is as invulnerable to collateral attack as the records of courts of general jurisdiction. *Peters v. Koepke* (1901), 156 Ind. 35.

Where some notice, though defective, has been given, the board has authority to determine whether it has acquired jurisdiction, and if in such case the board determine that the statutory requirements concerning notice have been sufficiently complied with, such decision is not subject to collateral attack. *Muncey v. Joest* (1881), 74 Ind. 409. When such an inferior court is required to ascertain and decide upon facts essential to

its jurisdiction, its decision thereon in favor of its jurisdiction (which will be presumed, if the board proceeds to take jurisdiction) is not subject to collateral attack. *Stoddard* v. *Johnson, supra; Ricketts* v. *Spraker* (1881), 77 Ind. 371; *Heagy* v. *Black* (1883), 90 Ind. 534.

Where the action is not one relying upon the judicial action of the board of county commissioners, but is an attack upon such action, it will be assumed that the board acquired jurisdiction, and the contrary must be shown. *Simonton* v. *Hays, supra; Ryder* v. *Horsting* (1891), 130 Ind. 104, 16 L. R. A. 186.  In order to show by pleading that a judgment of a court of inferior jurisdiction, which is collaterally attacked thereby, is void, it must be made to appear that the record of such court does not show jurisdiction. *Indianapolis, etc., R. Co.* v. *Harmless* (1890), 124 Ind. 25; *Fitch* v. *Byall* (1898), 149 Ind. 554; *Layman* v. *Hughes* (1899), 152 Ind. 484. See, also, *Hume* v. *Conduitt* (1881), 76 Ind. 598.

7.

The proceedings for the establishment of the Hare and Manford drain, here collaterally attacked, were controlled by the statute of 1881 and its amendments, §4285 *et seq.* R. S. 1881 and amendments (Acts 1891, p. 313, Acts 1899, p. 486, Acts 1899, p. 542, Acts 1903, p. 186).  The petition to be filed with the auditor of the county was to be "signed by one or more of the landowners, whose lands will be liable to be affected or assessed," etc.

8.

The viewers were required to estimate the damages, if any, "that any person or persons will sustain by reason of the construction of such ditch, and assess such damages to the parties owning the lands benefited, in proportion as each tract of land is assessed for benefits."  §5660 Burns 1901, §4290 R. S. 1881.

It was the duty of the auditor, on the report of the viewers being filed, "if it be in favor of the proposed work, to cause a notice of the pendency of said petition and report to be given by publishing the same for two weeks in

some newspaper of general circulation, published in said county. The first insertion of said notice shall be three weeks immediately before the time set for the hearing of said petition and report, which notice shall briefly state where said ditch commences at its source, and where it terminates at the outlet, together with the names of the owners of the land that will be affected thereby, so far as they can be ascertained by reasonable inquiry and search of the public records in the office of the recorder, clerk, auditor and treasurer, and at the same time the auditor shall mail a copy of the same to all nonresidents whose address is known to him, or can be ascertained by inquiry at the treasurer's office." §5663 Burns 1901, Acts 1893, p. 329, §3.

It is sought in the complaint before us to attack the jurisdiction of the board of commissioners by alleging that the appellant, guardian of the landowner, who, it was alleged, had suffered damage, had no notice or knowledge of any kind whatever of the proposed construction of the drain petitioned for by Hare and Manford, and that he, the guardian, had no notice of the filing of the petition for the construction of the drain or of any of the proceedings in the matter, until within a week before the filing of his complaint, which was filed January 19, 1904. It is not shown that notice as required by the statute was not given, or that notice held to be sufficient by the board was not given, nor does the complaint indicate what the record shows or fails to show concerning notice.

Notwithstanding all that is said in the complaint, everything required by law may have been done in strict compliance with the statute in all the proceedings relating to the drain in question. See *Featherston* v. *Small, supra; Muncey* v. *Joest, supra; Montgomery* v. *Wasem* (1888), 116 Ind. 343; *McCollum* v. *Uhl* (1891), 128 Ind. 304; *Steele* v. *Empsom* (1895), 142 Ind. 397.

Judgment affirmed.