## HARROD ET AL. v. LITTELL ET AL.

[No. 7,718.   Filed November 21, 1912.]

1. HIGHWAYS.—Order for Improvement.—Collateral Attack.—Suit to Enjoin Improvement.—A suit to enjoin the construction of a ditch provided for in the plans for a highway improvement, ordered by the board of county commissioners on petition for the construction of a gravel road, collaterally attacks such order of the board, and must fail unless such order is void.   p. 422.

2. HIGHWAYS.—Improvement.—Orders of Board of Commissioners.—Collateral Attack.—The proceedings of boards of county commissioners in matters relating to improvement of highways, except as to jurisdiction, are conclusive as against collateral attack, and an order from which no appeal is taken as provided by §7793 Burns 1908, Acts 1905 p. 521, §123, is as conclusive against collateral attack as the judgment of a circuit court.   p. 422.

3. HIGHWAYS.—Improvement.—Injunction.—Burden of Proof.—One suing to enjoin the construction of highway improvements has the burden of the issue.   p. 423.

4. HIGHWAYS.—Improvement.—Injunction.—Drainage. — Evidence.—In a suit to enjoin the construction of a ditch, provided for in the plans of a highway improvement ordered by the board of county commissioners, on the ground that such ditch would de-

stroy the bank of a watercourse and divert its course, evidence showing that there was a natural ravine which brought the water near to the highway, but that before reaching the highway the water spread out and over the lowlands, that the natural flow was not across the highway, but had been forced across the highway by means of an artificial embankment, was sufficient to justify a finding that the ditch complained of would not interfere with or change the course of a natural waterway. p. 424.

5.　HIGHWAYS.—*Improvement.*—*Waters and Watercourses.*—*Powers of Board of Commissioners.*—The board of county commissioners has a right to order the improvement of a highway and to protect the same by necessary drainage, and is not, under the law, necessarily required to abandon such improvement, or to omit the necessary drainage protection, simply because the means furnished for such drainage might carry some water out of its course. p. 424.

From Scott Circuit Court; *Joseph H. Shea,* Judge.

Action by Solon T. Harrod and others against William H. Littell and others. From a judgment granting part of the relief prayed for, the plaintiffs appeal. *Affirmed.*

*James A. Cox* and *Seba A. Barnes,* for appellants.

*Mark Storen, S. B. Wells* and *Korbly & New,* for appellees.

HOTTEL, C. J.—Appellants brought this action to enjoin appellees from constructing a ditch provided for in the plans and specifications for certain public road improvements. A temporary restraining order was issued, and on final hearing said order was made perpetual in part and dissolved in part. The questions presented by the appeal do not require us to set out in detail the verified complaint on which the temporary restraining order was issued and the case tried. It averred facts showing that appellants were the owners of certain described real estate situate in Jennings township, Scott county, Indiana, along the north line of which was located a public highway known as the Glade road; that immediately north of said highway, and running east and west along the same, was a public ditch, known as the Cozart ditch; that a natural watercourse

drained the lands to the east of the land described in the complaint, and emptied its waters into said Cozart ditch near the northeast corner of said described land, and east of the eastern terminus of said highway; that appellants were duly assessed for the construction and maintenance of said ditch, and the same is beneficial to their lands; that it is of ample size and dimensions to carry off the waters flowing into it; that about 100 rods west of the point where said natural watercourse empties into said Cozart ditch, and immediately south of said highway, is the starting point of another public drain, known as the Harrod ditch, which runs one-half mile south and thence west into the Muscatatuck river; that all the lands of appellants have been duly assessed for the construction and maintenance of said Harrod ditch, but the same is not of sufficient dimensions to drain properly the lands whose surface-waters now flow into the same; that appellees are proposing to construct a new highway, beginning at the eastern terminus of said Glade road, and running in an easterly direction across said natural watercourse; that in the construction of said proposed highway appellees propose to fill up and destroy said natural watercourse, and divert its course by digging a ditch along the south side of said proposed road, and thus carrying said waters into the Harrod ditch; that if appellees are permitted so to construct said new ditch, and thus divert the waters of said natural watercourse, appellants will be deprived of the benefits of the Cozart ditch, and will be greatly damaged by reason of the excessive amount of lands to be then drained by the Harrod ditch, which will be thus caused to overflow and flood appellants' lands.

The petition asked that appellees be restrained from in any manner interfering with said natural watercourse and its free passage into the Cozart ditch, and from in any manner disturbing its banks or diverting its course by digging any ditch on the south side of said new road, and that they be ordered to construct said new road in such a manner

as will permit all waters flowing into said natural watercourse to cross said road and flow into said Cozart ditch. The court granted and issued the temporary restraining order as prayed for, but on the final hearing rendered a general finding and judgment, in substance, as follows: That appellants are entitled to an injunction perpetually enjoining appellees from closing or removing a certain bridge across the natural watercourse, or from diverting the natural flow of water under said bridge; that appellants are not entitled to an injunction permanently enjoining appellees from constructing said new ditch according to said plans and specifications; that said ditch is necessary for the proper drainage of the proposed gravel road. The court rendered judgment in accordance with said finding.

Appellants then moved the court ''to so modify its finding and decree * * * as to provide that the defendants in ditching and draining said highway shall do it in such a manner as not to divert the flow of the water in the natural watercourse described in the complaint from flowing under said bridge and across said highway.'' This motion was overruled. Appellants then filed a motion for a new trial, which was also overruled. The ruling on each of these motions is assigned as error, and presents the questions raised by the appeal.

The facts of the case as disclosed by the evidence, in so far as they are here material, are as follows: On October 6, 1905, a petition signed by two of the appellants and sixty-three other resident voters and freeholders of Jennings township, Scott county, Indiana, was filed with the board of commissioners of said county, praying for the improvement and building of a certain free gravel road in said township. On November 6, 1905, said petition was duly passed on by the board of commissioners, and said board found that the necessary notice of the pendency of said petition had been given; that it was in due form signed by more than fifty legal voters and resident freeholders of said town-

ship; that the proposed road was less than three miles in length, and did not pass through any incorporated town, and that it extended from a free gravel road of said township to the township line, and that said petition was regular in all respects. Said prayer was granted, and the matter continued. At the April term, 1909, said board again considered the petition, and appointed an engineer and viewers to locate said road, and to prepare plans and specifications for its construction. On June 7, 1909, said engineer and viewers filed their report in the office of the auditor of Scott county, Indiana, showing that the proposed improvement would be of public utility, and filed with said report a plat showing how the road was to be improved, and also showing the location and dimensions of a ditch to be constructed on the south side of said road. The board then waited ten days, as required by law, before taking further action, but during that time no claims for damages on account of said proposed improvements were filed and no objections made by any one to the construction of the same, whereupon the board made a final order for said improvements, and awarded the contract for the same to appellee Thomas Carlisle. Said contractor began work on said road, and appellants brought this action to enjoin the board of commissioners and said Carlisle from constructing the ditch along the south side of said road, as provided for in the plans and specifications.

The only grounds of the motion for new trial are the insufficiency of the evidence to sustain the decision of the court, and that such decision is contrary to law.

1. The effect of this action is indirectly to assail the order of the board of commissioners, made on the petition for the improvement and building of the gravel road in said township, and must therefore fail,

2. unless such order is void. The proceedings of boards of county commissioners in such matters, except as to jurisdiction, are conclusive as against collateral attack.

*Southern Ind. R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 118, 87 N. E. 966; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 241, 54 N. E. 802; *Brooks* v. *Morgan* (1905), 36 Ind. App. 672, 677, 76 N. E. 331; *Board, etc.,* v. *Hall* (1880), 70 Ind. 469, 474; *Stoddard* v. *Johnson* (1881), 75 Ind. 20, 30, and authorities cited.

Appellants have not attacked the validity of the order of the board of commissioners, but only seek to enjoin its execution. Two of them signed the original petition for the highway in question, and all had ample opportunity to make objection to the proceedings before the board issued its final order. Furthermore, the statute makes provision for an appeal from decisions of county boards in cases of this character, and where no such appeal is taken the action of the board is as conclusive against collateral attack as the judgment of the circuit court. §7793 Burns 1908, Acts 1905 p. 521, §123; *Rassier* v. *Grimmer* (1892), 130 Ind. 219, 28 N. E. 866, 29 N. E. 918; *Ryder* v. *Horsting* (1891), 130 Ind. 104, 29 N. E. 567, 16 L. R. A. 186; *Maxwell* v. *Board, etc.* (1889), 119 Ind. 20, 19 N. E. 617, 21 N. E. 453; *Brooks* v. *Morgan, supra; Board, etc.,* v. *Davis* (1894), 136 Ind. 503, 36 N. E. 141, 22 L. R. A. 515; *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549, 557.

But even if we were required to determine from the evidence in the case, whether or not the ground of appellants' motion presents reversible error, an affirmance of the judgment would follow, because we could not say that the evidence required the modification of the judgment asked, nor could we say that the court's decision has no evidence for its support or is contrary to law. Appellants had 3. the burden of the issue, and it was necessary, under the averments of their complaint, to prove that appellees unless enjoined "would fill up and destroy the said natural watercourse where it crosses the said proposed new highway * * *, and that they will destroy the west bank of said natural watercourse and divert its course by

digging a ditch along the south side of said new proposed road," etc.

The evidence was by no means conclusive that there was any natural waterway, with well-defined banks, which car-ried the water over or under said highway. On the 4. contrary the evidence showed, or tended to show, that there was a natural ravine which brought the water down near the said highway, but that before it reached the highway the water spread out over the low lands to the south-west; that the natural flow of the water was not across the highway, but that the water had been forced across the high-way by an embankment on the west side of said ravine, thrown up by a trustee several years before, for the purpose of pre-venting the water from taking its natural course. This was the effect of the evidence of one of the appellants, and of other witnesses. Under this evidence, we could not say that the court had no evidence justifying a finding that the con-struction of the ditch complained of did not interfere with or change the course of a natural waterway. But 5. even if it should be granted that the building of such a ditch along the highway would to some extent change the flow of water from the ravine in question, it would not follow that the court should interfere by injunc-tion. The evidence showed, in effect, that in this improve-ment of the highway in question, the board of commission-ers had found that the ditch was necessary for the protec-tion of the highway. The board of commissioners had a right to order the improvement of the highway, and to pro-tect the same by necessary drainage. The necessary drain-age of the highway was as much within the power and juris-diction of such board as the improvement and building of the highway itself, and the board was not, under the law, necessarily required to abandon such improvement, or to fail to give the same necessary drainage protection, simply because the means furnished for such drainage might carry

some water out of its natural course.  *Karr* v. *Board, etc.*
(1908), 170 Ind. 571, 85 N. E. 1.

The judgment of the court below gives appellants all to
which they were entitled either under the law or the facts,
and it is therefore affirmed.

NOTE.—Reported in 99 N. E. 817.  See, also, under (1) 37 Cyc.
128.  As to collateral attacks upon orders and judgments, see 94
Am. Dec. 766; 29 Am. St. 78.