## BAILEY *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF SULLIVAN.

[No. 8,905. Filed December 8, 1914.]

1. HIGHWAYS.—*Improvement.*—*Injunction.*—In view of the fact that an appeal lies from an order of the board of county commissioners approving the report of the engineer and viewers and ordering the construction of a highway improvement, injunctive relief can not be had, if the board is acting within the limits of the authority conferred upon it by the statute. p. 289.

2. HIGHWAYS.—*Improvement.*—*Proceedings Before Board of Commissioners.*—*Collateral Attack.*—The conclusions reached by a

board of county commissioners in approving the report of the engineer and viewers and ordering the construction of a highway improvement are conclusive against collateral attack.  p. 289.

3.  HIGHWAYS. — *Improvement.* — *Materials.*—*Statutes.*—Under the act of 1909, Acts 1909 p. 353, §2, providing that the materials used in road construction outside of cities and towns shall be such as are usually employed in the construction of country roads, such as are gravel, broken stone and combinations thereof, and that street paving materials shall not be used except upon streets within the corporate limits of cities and towns, the board of commissioners is not restricted in the character of binder to be used to prevent disintegration of gravel and stone used in country highway construction, and hence may authorize such improvement to be made of asphalt.  p. 290.

4.  INJUNCTION.—*Right to Relief.*—*Existence of Legal Remedy.*— Where there is an adequate remedy at law, injunction can not be resorted to; hence the construction of a highway improvement will not be enjoined where plaintiff had the right of appeal from the order for such construction, and failed to avail himself of such right.  p. 291.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Richard L. Bailey against the Board of Commissioners of the County of Sullivan.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Walter F. Wood,* for appellant.
*Hunt & Gambill* and *Buff & Stratton,* for appellee.

SHEA, J.—This action was commenced in the Sullivan Circuit Court to enjoin the board of commissioners of Sullivan County from letting a contract for the building of an asphalt country road.

It is charged in substance, in the complaint, that appellant is a resident taxpayer of the city of Sullivan and Hamilton Township, Sullivan County, Indiana; that appellee is the duly elected board of commissioners of Sullivan County; that there is located in the city of Sullivan, Indiana, a street running north and south, known as Section Street, the south end of which for a distance of about 1,100 feet is the boundary line between said city and Hamilton Township, one-

half of the street being in the city and one-half in the township. From the south terminus of the street there is a public highway running south into Hamilton Township, a distance of about 220 feet, where the highway intersects with a gravel road running east and west. On March 10, 1911, William H. Eaton and others filed their petition with the auditor of the county asking the board of county commissioners to improve the highway running north and south, and Section Street to Donaldson Street in said city, a distance of 2,000 feet from the intersection of the highway, by grading, graveling, paving with stone, or other paving or macadamizing material; that notice was published in the Sullivan Democrat, a weekly newspaper published in the city of Sullivan that said petition would be heard by the board of commissioners, April 3, 1911, which notice was all that was ever given by publication to the residents and taxpayers of Sullivan and Hamilton Township relating to the improvement of the street and public highway. On the second day of the May term, 1911, said board adjudged the petition sufficient and appointed an engineer and two viewers to report on the improvement, who, on May 26, 1911, filed their report and estimate of the improvement; that in addition to grading and improving the street and highway by paving with gravel or rock the engineer and viewers reported that concrete curbing should be constructed along both sides of the street and highway at an estimated cost of $2,000; that 8,889 gallons of asphalt should be placed on the improvement at an estimated cost of $1,777.80 and that the improvement should be rolled and dressed at an estimated cost of $150; that the cement curbing and asphalt were to be used on the part of the improvement in Hamilton Township which is not within the corporate limits of any city or town, as well as the part in the city of Sullivan. On May 26, 1911, the board examined the report and estimate and unlawfully ordered the improvement made in accordance therewith, and ordered bids for the improvement to be advertised for; that

no notice has ever been given the residents and taxpayers of the city of Sullivan or Hamilton Township that the improvement would include cement curbing and asphalt street and roadbed; that these are street paving materials and not such as are usually employed in the construction of country roads; that bids for said improvement were advertised for at the estimated cost, July 5, 1911, and unless the commissioners are enjoined the contract will be let on the estimate; that the road and street do not require such an expensive improvement, and if same is made, it will be a great injury to the taxpayers of the city of Sullivan and Hamilton Township; that the highway and street should be graveled or rocked as prayed in the petition at an expense not to exceed $1,600.

A demurrer to the complaint was sustained, and appellant refusing to plead further, the court rendered judgment for appellee. The reasons assigned in support of appellee's demurrer are: (1) the court has no jurisdiction of the person of defendants nor the subject-matter of the action; (2) the complaint does not state facts sufficient to constitute a cause of action. As a memorandum of the alleged defects of the complaint under the second cause for demurrer it is set out: (1) the complaint discloses that legal notice was given appellant and all other taxpayers of the county of the pendency of the petition to improve the highway described in the complaint before the board of commissioners of the county; (2) the complaint discloses that this is a collateral attack upon the judgment of the board of commissioners of Sullivan County, and is not an appeal from the decision of the board of commissioners.

It is very earnestly urged on behalf of appellant that error was committed by the trial court in sustaining a demurrer to the complaint because the action of the board of commissioners was in violation of Acts 1909 p. 353, and the proviso of §2 found on page 356 thereof, which reads as follows: "Provided, That the materials used in road

construction under the provisions of this act outside of cities and towns shall be such materials as are usually employed in the construction of country roads, such as gravel, broken stone and combinations thereof, and that street paving materials shall not be used except upon streets within the corporate limits of cities and towns.'' It is insisted that no notice was given to the residents of the city of Sullivan or Hamilton Township that said improvement would include cement curbing and asphalt street and roadbed; that cement curbing and asphalt are street paving materials and are not such materials as are usually employed in the construction of country roads, and therefore the act of the commissioners in so ordering said construction was illegal.

We think the order of the board of county commissioners in approving the report of the engineer and viewers ordering the construction of the highway in this instance, was

1. a judicial order from which an appeal would lie without reference to this act. *Ross* v. *Becker* (1907), 169 Ind. 166, 81 N. E. 478. The statute which governs the board in this instance, however, provides specially for an appeal. §§7735, 7738 Burns 1914, Acts 1907 p. 211, Acts 1903 p. 288. This being true, if the board of county commissioners were acting within the limits of the authority conferred upon it by the statute, a remedy by injunction will not lie. *Board, etc.* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828; *Board, etc.* v. *Dickinson* (1900), 153 Ind. 682, 53 N. E. 929; *Ross* v. *Becker, supra; State, ex rel.* v. *State Board, etc.* (1910), 173 Ind. 706, 91 N. E. 338; *Southern Ind. R. Co.* v. *Railroad Com., etc.* (1909), 172 Ind. 113, 87 N. E. 966. It has been held repeatedly that the conclusion reached

2. on such questions by the board of county commissioners or other inferior tribunal is conclusive as against collateral attack. This has been expressly held by this court in very recent cases involving the action of county commissioners. *Harrod* v. *Littell* (1912), 51 Ind. App. 418, 99 N.

E. 817, and authorities cited; *Larimer* v. *Krau* (1914), *ante* 33, 103 N. E. 1102, 105 N. E. 936. The latter was a drainage case. The court held, in effect, that the board of commissioners having found that notice was given and that the petition was regular in form, such finding was a sufficient determination that the board had jurisdiction, and could not be collaterally attacked. This is the precise situation in the present case.

The only question raised in this case affecting the jurisdiction as mentioned above is that the acts of the board of county commissioners in constructing that portion of

3. the highway outside of the city of Sullivan and in Hamilton Township out of asphalt, was beyond the power of the board; that the statute above quoted prohibits the use of asphalt for the reason that it is properly considered paving material used upon streets within the corporate limits of cities. The Supreme Court has very recently considered this particular section of the statute and decided the question adversely to appellant's contention in the case of *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 103 N. E. 1078. The court said in construing the act of 1909, *supra,* together with the act of 1913 (Acts 1913 p. 514), in a discussion of the question, that the use of the words "gravel, broken stone and combinations thereof" in the statute did not prohibit the use of a third substance as a binder or filler, declaring that such an interpretation was too narrow; that the modern use of highways requires that some sort of a binder must be used to prevent disintegration of gravel and stone, in conclusion using the following language: "However, it is manifest that the legislature had a purpose in view in providing for the use of 'combinations' of stone and gravel, and it is scarcely to be doubted that such purpose was to prevent, or mitigate, the disintegrating effect of automobile traffic on stone or gravel highways, and, in securing such result, to permit the gravel or broken stone, or both, to be more close-

ly united by binding with coal tar, cement, or other substance adapted to such purpose. As the statute is silent on the subject of binding material, we can not say that the use of asphalt, for such purpose, would be unlawful, even if it were conceded that its use might entail unnecessary expense. It must be remembered that no board of commissioners is bound to order a highway improvement, of the character here in controversy, without submitting the question to a township vote. It will be presumed that county commissioners will faithfully discharge their duties, and will not wantonly, or carelessly, permit injustice to be worked against one township neighborhood, by ordering an unnecessarily expensive improvement in another, without submitting such question to the voters of the entire district, against the taxable property of which the assessment must be made. In so far as the use of county highway materials is concerned, the act of 1913 (Acts 1913 p. 514), does not differ from the 1909 amendment of §72 of the highway act, and consequently, it is unnecessary to decide whether the act of 1913 is retroactive. We hold that under either act, a binder may be used, to form a closer union of stone or gravel, and the question of what is the most suitable material is one for the determination of the local authorities.'' In view of this well reasoned opinion of the Supreme Court we think there is no doubt that the board of commissioners had ample power to order the improvement made of asphalt, which, as the court says, may be regarded as a binder of gravel and stone. The board having such power the remedy of appellant was by appeal.

It is an elementary principle of the law, which should be closely adhered to, that where there is an adequate remedy at law, the extraordinary remedy by injunction can 4. not be resorted to. Appellant in this case having failed to appeal from the board of commissioners can not now be heard to complain by way of injunction. High,

Injunctions (4th ed.) §165 *et seq.;* Joyce, Injunctions §26; 16 Am. and Eng. Ency. Law (2d ed.) 352, and authorities cited.

No error was committed by the trial court in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 107 N. E. 38. As to the remedies of taxpayers for illegal corporate acts, see 2 Am. St. 92. As to the right of a taxpayer, in the absence of a statute, to enjoin unlawful expenditures by a municipality, see 36 L. R. A. (N. S.) 1. As to taxpayers' actions, see Ann. Cas. 1913 C 884. See, also, under (1) 22 Cyc. 775; (2) 11 Cyc. 405; (3) 37 Cyc. 222; (4) 22 Cyc. 774, 775.