BOARD OF COMMISSIONERS OF CRAWFORD COUNTY v. STATE OF INDIANA, EX REL. CHENOWETH, ET AL.

[No. 23,710. Filed November 15, 1921.]

1. HIGHWAYS.—*Establishment.*—*Board of Commissioners.*—*Jurisdiction.*—*Viewers' Report Signed by Only Two Viewers.*—*Statutes.*—In a proceeding under §§7740-7752 Burns 1914, Acts 1907 p. 363 for the construction of a county line road improvement, where there were only two viewers, the board of county commissioners would not be deprived of jurisdiction because only one viewer made a report that the purposed highway would be of public utility, and stating how and of what

the. road should be constructed the other viewers refusing to sign; the proper procedure being to refer the matter back to such viewers for further consideration, or to appoint other viewers. p. 338.

2.   COUNTIES.—Board of Commissioners.—Judgments.—Collateral Attack.—Irregularities and Errors.—A judgment of the board of county commissioners in a matter wherein it was fully acquired and retained jurisdiction, both as to the subject-matter and the parties, is not open to collateral attack because of errors and irregularities. p. 338.

3.   HIGHWAYS.—Establishment.—Report Signed by Two Viewers. —Sufficiency.—Statutes.—Under §§7740-7752 Burns 1914, Acts 1907 p. 363, relating to highway improvements along county lines and providing for the appointment of two disinterested freeholders and a competent surveyor or engineer as viewers, the viewers are of equal rank, and a report signed by two of them is sufficient, even if one of those signing was appointed as an engineer. p. 338.

4.   HIGHWAYS. — Improvement. — Proceedings. — Recording. — Duty of Board of County Commissioners.—Statutes.—The board of county commissioners is a continuing body, and under §5987 Burns 1914, §5746 R. S. 1881, is charged with the duty to cause the record of its action jointly with the boards of commissioners of adjoining counties in laying out a highway for improvement to be copied into its records, though the records of the highway proceeding were made while a prior board was in office. p. 341.

5.   HIGHWAYS.—Establishment.—Records.—Duties of County Auditor.—Performance.—Statutes.—The mere failure of the county auditor at the proper time to perform the clerical act of copying into the commissioner's record of his county, as required by §§5987, 7744 Burns 1914, §5746 R. S. 1881, Acts 1907 p. 363, the certified record made by him when acting as clerk ex officio of a joint session of three county boards held in laying out a highway for improvement, did not relieve him from performing such statutory duty at some time. p. 341.

6.   MANDAMUS.—Compelling Sale of Highway Bonds.—Right to Writ.—Board of Commissioners Failure to Record Proceedings.—Where the boards of county commissioners of three counties in joint session to institute proceedings to establish a highway on county lines had acted and their action had been duly recorded by the proper officer in attendance for that purpose, the failure of one of the boards and of the auditor, as its clerk ex officio, to perform the official duty of copying the record of the proceedings into the proper book, held not to constitute a defense to an action for mandamus to compel

the issuance and sale of the bonds to pay for the construction of the proposed highway improvement. p. 341.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by the State of Indiana on the relation of James S. Chenoweth and others, against the Board of Commissioners of Crawford county. From a judgment for relators, the defendant appeals. *Affirmed.*

*John H. Luckett, C. W. Cook* and *Burdette C. Lutz,* for appellant.

*Bayless Harvey* and *Jonas G. Howard,* for appellees.

EWBANK, J.—The appellee relators, as contractors for the construction of the improvement, brought an action of mandamus to compel the appellant to issue and sell certain bonds to pay for the construction of a gravel road improvement on and near the line dividing Crawford county from Orange and Washington counties, pursuant to an order of the joint boards of commissioners of the three counties, made in June, 1913, in a proceeding for that purpose. The sufficiency of the complaint is not questioned.

The appellant filed an answer of three paragraphs of which the first paragraph was a general denial, and the second alleged that of the two freeholders and an engineer appointed as viewers only one of the freeholders and the engineer signed the viewers' report, on which the subsequent proceedings establishing the proposed improvement were based, and asserting that because of that fact all acts done by the joint boards of commissioners after the filing of that report, in the way of approving the report, establishing the road, ordering it improved, letting the contract and ordering the issue and sale of bonds to pay for it, were void. Overruling a demurrer to the second paragraph of the answer is assigned as error.

If there were only two viewers and one of them made a report finding that the proposed improvement would be of public utility, and stating how and of what it should be constructed, the fact that the other viewer refused also to sign it would not deprive the board of commissioners of jurisdiction. The proper procedure would be to refer the matter back to such viewers for further consideration, or to appoint other viewers; but jurisdiction would not be lost. *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 103 N. E. 1078.

The averment in the second paragraph of the answer that after the report was signed "further proceedings were taken ordering and establishing said proposed road" does not even negative the possibility that those "further proceedings" may have been taken properly and without error. But however irregular the proceedings might have been, and however erroneous they would have been found if they had been reviewed by an appeal, a judgment of the board of commissioners in a matter of which it fully acquired jurisdiction, both as to the subject-matter and the parties, and of which it never lost jurisdiction, is not open to collateral attack because of errors and irregularities. *Miller* v. *Porter* (1880), 71 Ind. 521; *Featherston* v. *Small* (1881), 77 Ind. 143; *Argo* v. *Barthand* (1881), 80 Ind. 63; *Rassier* v. *Grimmer* (1892), 130 Ind. 219, 28 N. E. 866, 29 N. E. 918; *Bailey* v. *Board, etc.* (1914), 57 Ind. App. 285, 107 N. E. 38; *Waugh* v. *Board, etc.* (1917), 64 Ind. App. 123, 115 N. E. 356.

Moreover, the statute (§§7740-7752 Burns 1914, Acts 1907 p. 363), providing for the improvement of highways along county lines by the joint action of the boards of commissioners of the several counties affected, under which this proceeding was instituted, provides (§5, *supra*) that the members of the boards, in joint session, shall appoint "two disinterested

freeholders * * *, and a competent surveyor or engineer as viewers * * *." And it does not require the surveyor or engineer to give bond, or to qualify in any other manner than by taking the oath required of the freeholders. §7744 Burns 1914, Acts 1907 p. 363. Under the provisions of this statute the three viewers were of equal rank, and a report signed by two of them was sufficient even if one of those signing it was appointed as an engineer.

The cases which have construed the language of the general highway statute (§§7715, 7716 Burns 1914, §§66, 67, Acts 1905 p. 521), providing that a highway petition shall be referred to "a competent civil engineer * * * and two viewers," and that the engineer shall give a $5000 bond, as not making the engineer one of the viewers, are not in point. See, *Griffin* v. *Pearce* (1918), 187 Ind. 287, 119 N. E. 8, and authorities cited.

At the request of appellant the court made a special finding of facts, and stated conclusions of law thereon, to each of which conclusions the appellant excepted. The court found that a proper petition for the improvement in question was duly filed with the board of commissioners of Orange county, Indiana, and that the proper steps were taken in the matter of giving notice, and that pursuant to the notices given, the members of the boards of commissioners of the three counties of Crawford, Orange and Washington met in joint session at the auditor's office of Orange county, and that the required action ordering the improvement of the highway along and near the county line between those counties, so as to connect two highways already improved, and the issue of bonds to pay for its construction, was duly taken by unanimous vote of the commissioners of all three of the counties, the predecessors in office of the present members of the appellant board being present and voting for all that was done; that the auditor of

Orange county entered in the commissioners' record of that county all of the proceedings of the joint boards, and without delay transmitted certified copies thereof to the auditors of Crawford and Washington counties, respectively, and after a delay of almost three years, caused by an unsuccessful attempt of certain persons to maintain an appeal to the Supreme Court, certified to a complete record of all the proceedings of the said boards in joint session, which was filed in Crawford county before this suit was begun. But the court did not find that the auditor of Crawford county copied into the commissioners' record of that county the certified record of proceedings of the joint board. And while the evidence showed that the certified copies of the record of joint proceedings sent by the auditor of Orange county were received and kept on file in the office of the auditor of Crawford county, that auditor testified that they had not been copied, and there was no evidence that they had been.

The statute under which this proceeding was instituted provides as follows: "It shall be the duty of the county auditor of the county where said petition is filed to attend all joint sessions provided for in this act, and he shall enter at length all proceedings of such joint session on the commissioners' record of his county without delay, and shall at once make out true and certified copies of such records and transmit a copy thereof to the auditor of each county interested, who shall at once copy the same on the commissioners' record of his county." §7744 Burns 1914, §5, Acts 1907 p. 363. And the statute prescribing the duties of the county auditor provides as follows: "The auditor, by virtue of his office, shall be clerk of the board of county commissioners of his county, and shall keep an accurate record of all the corporate proceedings of such board. He shall preserve the documents, books, records, maps and

papers deposited in his office, and, at the expiration of his term, deliver the same to his successor." §9458 Burns 1914, §5895 R. S. 1881.

And another section of the statute also provides as follows: "Such commissioners shall cause to be recorded, in a book kept for that purpose, their proceedings and determinations touching all matters properly cognizable before them." §5987 Burns 1914, §5746 R. S. 1881.

The board of commissioners is a continuing body, and under these statutes the appellant is charged with the duty to cause the record of its action jointly with the boards of commissioners of Orange and Washington counties to be copied into its records if it omitted to do so while the predecessors of the present commissioners were in office. And the mere failure of the county auditor at the proper time to perform the clerical act of copying a record made by the proper officer, when acting as clerk of the joint session of the three county boards, could not relieve him from the statutory duty to copy it into the commissioners' record of his county at some time.

Appellant argues that because the county auditor has been derelict in failing to copy into certain books the records certified to him, and because the appellant board has likewise been derelict in failing to require those records to be copied, mandamus will not lie to compel appellant to perform a duty which the record of proceedings of the joint session of boards in Orange county shows to have been imposed upon it by joint action of the three boards, in which it concurred. But the undisputed evidence proves that the commissioners of the three counties took certain action, and that it was recorded by the officer charged by law with that duty, who was in attendance for that purpose, and that he made out and filed in Crawford county cer-

tified copies of the records thus made. This is enough to establish the duty imposed on the appellant board by reason of the action so taken. Possibly the foregoing facts might have entitled appellee's relators to further relief by way of commanding that the certified records be copied forthwith upon the commissioners' record, though as to that we decide nothing. But where the joint boards had acted, and their action had been duly recorded by the proper officer, in attendance for that purpose, the failure of the appellant board, and of the auditor as its clerk, to perform the official duty of copy- ing that record into the proper books does not relieve the appellant of any duty imposed upon it by such joint action of the boards, nor constitute any defense to an action of mandamus to compel the performance of duties so imposed.

The judgment is affirmed.

Myers, J., absent.