Filed May 24, 1892.

---

No. 15,897.

## THOMPSON ET AL. *v.* GOLDTHWAIT ET AL.

GRAVEL ROADS.—*Construction of.—What Does Not Disqualify Engineer.—* The fact that the person appointed as engineer and surveyor for the location and construction of a free gravel road was the owner of real estate within the limits assessable for the construction of said road, and which was reported as benefited, and was a brother-in-law of one who also owned lands within the limits assessable for the road, and which was reported as benefited, did not disqualify him from serving in that capacity. The statutes of this State do not provide that the engineer shall be either disinterested or a freeholder, or even a resident of the county, but simply that he shall be a competent engineer. The engineer is not a member of the board of viewers, and has nothing to do with the assessments to be made.

From the Grant Circuit Court.

*J. T. Strange, E. A. Huffman, A. Baker* and *E. Daniels,* for appellants.

*W. H. Charles,* for appellees.

OLDS, J.—This action was commenced by the appellees and others filing their petitions with the board of commissioners of Grant county, Indiana, asking for the location and construction of a free gravel road. The petition was presented to the board on the 12th day of June, 1889. On said day fourteen of the petitioners withdrew their names from the petition; afterwards some others withdrew their names. On said day the appellants appeared before said board, and presented their objections in writing to the appointment of Simon P. Burley as engineer and surveyor on

said road on account of his interest and relationship within the degree prohibited by law, and thereupon said board appointed two viewers, and over the objection of the appellants appointed said Simon P. Burley as engineer and surveyor on said road.

At the September term, 1889, of said board of commissioners the said viewers and engineer made to said board their report, and thereupon the appellants moved in writing to reject and dismiss said report for the reason that the engineer, Burley, was the owner of real estate within the limits assessable for the construction of said road, and which is reported as benefited and ought to be assessed, and for the further reason that he was a brother-in-law of John Hurtsoch, who also owns lands within the limits assessable for the road, and which is reported as benefited and described in the report; that these disqualifications existed at the time said Burley was appointed. The board overruled said motion, approved the report, ordered the construction of the improvement, and appointed said Simon P. Burley superintendent, and appointed a commmittee to apportion the cost of construction, and thereupon the appellants appealed said cause to the circuit court.

In the circuit court there was a trial by the court without the intervention of a jury, and on proper request the court made a special finding of facts and stated its conclusions of law. The court found that the said Burley owned land which will be affected by the making of the gravel road, that he was a brother-in-law of John Hurtsoch who also owned land which will be benefited by the construction of the road, and that appellants objected to the appointment of Burley, and that they made a motion to reject and dismiss the report when the same was filed, as hereinbefore stated, and that said Burley also signed the petition for the road, and stated conclusions of law in favor of the appellees. Appellants excepted to the conclusions of law, and prosecute this appeal.

The question presented involves the construction of the

statute providing for the appointment of viewers and an engineer or surveyor by the board of commissioners on the filing of a petition for the construction of a gravel road.

It is contended on the part of the appellants that the engineer becomes one of the board of viewers, and that his duties are judicial, and, therefore, Burley was incompetent to act on account of his interest and relationship to one of the land-owners whose land was affected by the construction of the road, and objection having been made to his appointment at the proper time, it was error to appoint him over such objection, and that the report should have been rejected and dismissed on the motion of the appellants.

The appellees admit that if the engineer becomes one of the board of viewers, his duties are judicial, and the court erred, and the judgment must be reversed, but they contend that he is not a member of the board of viewers, and his duties are not judicial, and that such engineer is not required to be disinterested; that he has nothing to do in determining the property benefited, and that the statute does not contemplate that such engineer should be a disinterested person, but only a competent engineer.

The statute (section 5092, R. S. 1881) provides that upon presentation of the petition and the filing of a bond, the board of commissioners shall appoint three disinterested freeholders of the county as viewers, and a competent surveyor or engineer, to proceed upon a day to be named by the commissioners to examine, view, lay out, or straighten said road as in their opinion public convenience and utility require.

Section 5093 provides that said viewers and engineer shall meet at the time and place specified, and take an oath to discharge the duties of their appointment respectively, and that they shall select two chain carriers and one marker, and proceed to do the things required of them by the statute, including the assessment of damages. This section then provides that the viewers shall not be required to assess damage to any person or persons except minors, etc., unless the owner

or owners thereof, or their agents, shall have filed a written application with said viewers, giving a description of the premises on which damages are claimed by them, within ten days after the completion of the survey of said road by said viewers.

The first part of section 5094 requires the viewers and engineer to make report to the commissioners at their next regular session, stating what the report shall show. In the latter clause of the section it is provided that where lands are liable to be assessed under the act for the construction of two or more roads, the viewers shall take into consideration that fact in assessing benefits.

While these sections do not point out with clearness the respective duties of the viewers and the engineer, yet when they are all read and construed together, the intent of the Legislature is reasonably certain. In every instance where they speak of an assessment separate from the other duties, they speak of the viewers alone. The oath indicates that they have separate duties, for it requires them to take an oath that they will discharge the duties of their appointment respectively.

In section 5093, it is provided that such viewers shall not be required to assess damages to any person except in certain cases. The written application for damages is required to be filed with the viewers within ten days after the completion of the survey by the viewers.

In the latter part of section 5094, it is provided that the viewers, in assessing benefits, shall take into consideration the fact that the land is liable to be assessed for other roads. It is provided that the viewers appointed shall be disinterested freeholders of the county, and that a competent surveyor or engineer shall be appointed.

It is clear, as it seems to us, that the assessment shall be made by the viewers alone.

It is not provided that the engineer shall be either disinterested or a freeholder, or even a resident of the county, but he shall be a competent surveyor or engineer. It is

manifest that the purpose of the appointment of an engineer is to have a skilled person to aid the viewers in laying out the road and estimating the costs of construction, to aid the viewers in the discharge of their duties, and he is required to take an oath that he will faithfully discharge his duties, and the fact that he is to join in the report does not make him an appraiser of the benefits or an assessor of the damages. The viewers who are to assess benefits and damages must be disinterested freeholders of the county, men who would have a knowledge of the value of land and the effect upon it by the construction of the road, but, in the selection of a surveyor or engineer, he is chosen by reason of his competency and knowledge in that line of duty. The appointment of a surveyor is to aid the viewers in the location and estimation of the work to be done and improvement to be made. The fact that the board is to appoint a competent surveyor or engineer carries with it an implication that his duties are that of a surveyor or engineer.

The assessments of benefits or damages to the lands of Burley, and the lands of his brother-in-law, were to be made by the viewers. The duties of Burley were that of a surveyor and engineer in aid of the viewers in the discharge of their duties, and not that of a viewer or appraiser of benefits or damages. It being the duty of the engineer to aid in the location of the work and making estimates of the costs, he is required to join with the viewers in their report. In this case the report does not show that Burley took any part in viewing the land and assessing benefits and damages, but on the contrary he makes a separate statement showing that he, in connection with viewers, did lay out the road, giving his estimate of the costs of grading, making cuts and fills, culverts, bridges, and grading the road, which is filed with and is a part of the viewers' report.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 19, 1892.