Filed May 29, 1894.

———————◆———————

No. 16,517.

WERLEY ET AL. *v.* THE HUNTINGTON WATERWORKS COMPANY.

WATERWORKS COMPANY.—*Appropriation of Land.—Water Privileges. —New Appraisement.—Exceptions to, Duty of Court to Hear.*—A new appraisement in a proceeding by a water works company, to appropriate to its use real estate and water privileges, is made in the same manner as the first appraisement; and where exceptions are duly filed to the new appraisement, it is reversible error for the court to refuse to hear the exceptions.

SAME.—*Appraisement.—Exceptions.—Duty of Court to Hear.*—Where exceptions are duly filed to an appraisement, the court must first determine whether right and justice require a new assessment, if that question is properly raised by the exceptions.

NEW TRIAL.—*When Motion for is not a Prerequisite to Review of Errors. —Practice.*—It is only where there has been a trial that a motion for a new trial is required as a condition precedent to a review of errors in this court affecting the trial.

From the Huntington Circuit Court.

*R. A. Watkins* and *R. A. Kaufman,* for appellants.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

MCCABE, J.—This was a proceeding by the appellee against the appellants, to appropriate certain real estate and water privileges for the use of said company, in the circuit court. The proceeding was instituted by filing an instrument of appropriation in the office of the clerk of that court.

The proceeding was had under the act of the Legislature, approved March 6, 1889, Acts of 1889, p. 195.

The third section thereof provides, among other things, for the filing of an instrument of appropriation by an incorporated company, in the office of the clerk of the circuit or other court, describing lands and water privileges needed for the use of such company, and a delivery of a copy thereof to the owner or owners of such lands, water privileges, and rights; and that thereupon the judge of the circuit, or other court of record, in the county where the land or water lies, or any judge thereof in vacation, shall, on application of either party, appoint by warrant three disinterested freeholders of such county to appraise the damages which the owners of the lands, water rights, easements, lakes, and natural streams of water may sustain by such appropriation. Such appraisers are required to be sworn, and consider the injury which such owner may sustain by reason of such appropriation, and forthwith return their assessment of damages to the clerk of such court, setting forth the value of the property taken or injury done, which they shall assess to the owner or owners separately. And that thereupon the company shall tender the amount thus assessed, to the party * in whose favor such damages are awarded, or shall pay the same in trust to said clerk; that on making payment or tender thereof it shall be lawful for such company to hold the interests in such lands and waters so appropriated.

It then provides that: "The cost of such award shall be paid by such company. * * The award of said appraisers may be reviewed by the circuit court or other court in which proceedings may be had, on written exceptions filed by either party in the clerk's office, within ten days after the filing of such award, and the court shall make such order therein as right and justice may require, by ordering a new appraisement on good cause shown: *Provided,* That notwithstanding such appeal,

such company may take possession of the property therein described for the purposes for which it was condemned, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed.''

The first appraisers, appointed by the judge in vacation, made and reported their appraisement under oath; and within ten days after the filing of such appraisement, in which they assessed the appellants' damages at $800, the appellee filed exceptions thereto. The court, with the consent of appellants, sustained said exceptions, set aside said award, and appointed three new appraisers, who, under oath, made a new appraisement, awarding appellants $700 damages. Within ten days after filing the same in the clerk's office, the appellants filed exceptions to such award on the ground:

1. That the damages assessed are too small and should have been $1,000.

2. That the appraisers were unduly influenced and biased by the appellee by means of a promise made by appellee's agents to the appraisers to open a direct public highway from said premises to said city of Huntington.

3. That the appraisers did not impartially appraise the damages which appellants would sustain.

4. That William McGrew accompanied the appraisers on their view of said premises, and induced the appraisers to believe that said appropriation would not deprive the owners of the use of the premises to be appropriated, and that the possession thereof would not be for the exclusive use of appellee, but that appellants would derive great benefit by having a public highway from said premises to Huntington, and that that convenience would partially compensate appellants for the loss of their land.

5. That some of the appraisers refused to make ex-

amination of the quality of the gravel in a bank on the land to be appropriated, to learn its real value.

6. That said award * * did not properly describe the premises to be appropriated.

7. That the award is contrary to law, in that it does not set out severally what each owner is damaged.

The appellants moved the court to call a jury to try these exceptions, or that the court would hear and try the exceptions itself. The court overruled this motion, declined to call a jury to try the questions of fact involved in these exceptions, and declined to hear or try said exceptions, or to grant appellants any hearing thereon whatever, and at the request of the appellee, and over the objection and exception of appellants, confirmed the appraisement and award last rendered without any hearing, and overruled the exceptions thereto. This ruling is assigned for error.

We see no escape from the conclusion that this was error. We do not say that the appellants were entitled to a jury trial on the exceptions. We are inclined to think they were not so entitled. *Beynon* v. *Brandywine, etc., Turnpike Co.,* 39 Ind. 129.

But they were entitled, under the statute quoted, to file exceptions to the award, and have that award reviewed by the court on such written exceptions, and on such review it is made the duty of the court to make such order therein as right and justice may require by ordering a new appraisement.

In *Swinney* v. *Ft. Wayne, etc., R. R. Co.,* 59 Ind. 205, at page 218, it was said: "Should a new appraisement be granted by the court, when returned, it will be open to the same proceeding as a first one would be."

A new appraisement must be held to mean and to contemplate the same sort of a proceeding that the first appraisement was. That is an appraisement by three dis-

interested freeholders to be appointed by the circuit or other court, or the judge thereof in vacation. If, on the hearing of the exceptions to the award, the court should be of opinion that right and justice do not require any new appraisement, then the exceptions to the award should be overruled and the award or appraisement confirmed and judgment rendered accordingly. But this can not be done over the objections of the excepting party until the court has passed on the question whether right and justice require a new appraisement, if that question is properly raised by the exceptions.

Several of the exceptions raised that question. They show that the appraisers were induced, by appellees, to assess the damages at $300 less than what they actually were by telling the appraisers that the appropriation would not deprive the owners of the use of the land and that appellants would derive great benefit by having a public highway to Huntington from said premises, resulting from the appropriation, and that such convenience would partially compensate the appellants for the loss of their land. The truth of these exceptions stands unchallenged. And appellee, by asking the court to disregard and refuse to hear them, in effect admits their truth. If they are true, right and justice require a new appraisement, as they state facts enough to make good cause shown therefor.

Counsel for appellee contend that appellants, by consenting to the setting aside of the first award and the appointment of new appraisers, who made an assessment of the damages, have had their day in court, and can not have another assessment by new appraisers. If such contention can be maintained, then it would result that the first assessment would give both parties a day in court, and would preclude either of them from filing ex-

ceptions and obtaining a new appraisement. Such a result would be in direct contravention of the statute.

It is further contended by the appellee that the failure to move for a new trial, assigning as a cause therefor the refusal of the court to hear and consider such exceptions, is a waiver of the error, and precludes this court from considering the same on this appeal. But the principle invoked has no application, because there has been no trial, the court refusing to hear and try the only question there was to try. It is only where there has been a trial that a motion for a new trial is required as a condition precedent to a review of errors in this court affecting the trial.

For the error in refusing to hear the exceptions by the court, the judgment is reversed, the cause remanded, with instruction for further proceedings in conformity to this opinion.

Dailey, J., took no part in this decision.

Filed May 29, 1894.