### METSKER ET AL. *v.* WHITSELL ET AL.

[No. 22,445. Filed January 27, 1914.]

1. APPEAL.— *Dismissal.— Want of Jurisdiction.— Affirmance.—* A motion to dismiss an appeal from the judgment of the circuit court dismissing an appeal from an order of the board of county commissioners, grounded on the alleged lack of jurisdiction of the subject-matter in the circuit court, will not lie, since, if the circuit court had not jurisdiction, its judgment of dismissal requires an affirmance on appeal therefrom. p. 133.

2. APPEAL.—*Motion to Dismiss.—Merits.—*Reasons assigned in support of a motion to dismiss an appeal cannot be considered for that purpose if they deal wholly with the merits of the trial court's ruling. p. 133.

3. HIGHWAYS.—*Appeal From Board of Commissioners.—Parties.—Affidavit of Interest.*—Persons, who had not theretofore been parties to a highway proceeding and who, on leave granted by the board of county commissioners, filed their petition praying the submission of the question of improving the highway to the voters of the township, and tendered their answers showing that they were taxpayers of the township and challenging the board's jurisdiction, were authorized in the capacity of parties to appeal to the circuit court without filing an affidavit showing grievance or interest as required by §6021 Burns 1908, §5772 R. S. 1881.   p. 134.

4. APPEAL.—*Record.—Presenting Question of Jurisdiction.*—Where want of jurisdiction appears on the face of the record, the question may be raised for the first time on appeal.   p. 134.

5. HIGHWAYS.—*Improvement.—Parties.—Allegation of Interest.*—An allegation in answers tendered in a highway proceeding, alleging that the persons tendering same were taxpayers of the township sufficiently showed their interest.   p. 134.

6. HIGHWAYS.—*Improvement.—Report of Viewers.—Engineer as Viewer.*—Under §§7715-7718 Burns 1908, Acts 1905 p. 521, §§66-69, relating to the appointment and duties of engineer and viewers in highway proceedings, providing for the appointment of an engineer and two viewers, the engineer is not a viewer, and since the statute requires their report to be signed by the engineer and each viewer, the board of county commissioners has no jurisdiction to order the improvement of a highway on a report signed by the engineer and only one viewer.   pp. 134, 136.

7. STATUTES.— *Construction.*— The substantial reënactment of a statute after its construction by the Supreme Court is an adoption of such construction, unless the contrary is made to appear.   p. 135.

8. HIGHWAYS.—*Viewers.*—Viewers appointed in highway proceedings constitute a special tribunal or jury to determine, among other things, the public utility of the proposed work, and to assess the damages, if any.   p. 135.

9. HIGHWAYS.—*Improvement.—Disagreement of Viewers.*—Where the viewers appointed in a highway proceeding do not agree upon a report, the proper practice is to reject the report and refer the petition back to them for another report, unless it is evident that there is no possibility of agreement, in which case new viewers should be appointed.   p. 136.

10. JUDGMENT.— *Modification.— Authority of Special Judge.*— A special judge appointed to try a highway proceeding on appeal to the circuit court, has authority during the term at which the appeal was tried to modify the judgment rendered by him.   p. 136.

11. HIGHWAYS.—*Judgment Remanding Proceedings to Board of Commissioners.— Modification.— Effect.*— A judgment of the cir-

cuit court remanding a highway proceeding to the board of county commissioners, modified during the term so as to vacate the order of the board dismissing the proceeding, and stating for the information of the board that the judgment was not an adjudication of any question as to the jurisdiction of the board, or the validity of its proceedings, except its order dismissing the petition, was a valid judgment as modified, and did not preclude the parties, when the cause was remanded, from questioning the jurisdiction of the board because of matters apparent on the face of the record, or from timely challenging a member of the board for disqualification, or raising other questions not waived by delay.    p. 136.

12.    HIGHWAYS.—Improvement.—Challenging Qualification of Commissioner.—Time for Objection.—Where a member of a board of county commissioners before which a highway proceeding was pending, became such after the time for filing a peremptory remonstrance to such proceeding had elapsed and the cause had been appealed, a challenge to his qualification to act, presented after the circuit court had remanded the proceedings to the board, was tendered in time, and, if sufficient, the board erred in rejecting it.    p. 136.

13.    HIGHWAYS.—Improvement.—Board of Commissioners.—Nature of Tribunal.—The board of county commissioners has discretionary power to either submit the question of a highway improvement less than three miles in length under the provisions of §7719 Burns 1908, Acts 1907 p. 68, to the voters of the township for determination, or to order the improvement without such determination, and in exercising such discretion the board acts in a judicial capacity, hence in such a proceeding the members of the board are subject to the rule disqualifying a judge from acting when directly interested in the matter before him.    p. 137.

14.    JUDGES.—Disqualification.—The direct, pecuniary interest of a judge in the result of the litigation furnishes sufficient ground for his recusation, regardless of whether such interest is great or small; but in cases of imperative necessity, where the disqualification, if permitted to prevail, would destroy the only legal tribunal for hearing the matter in issue, the disqualified judge may be compelled to act.    p. 137.

15.    HIGHWAYS.—Improvement.—Disqualification of Commissioner. —Interest.—A county commissioner who was surety on an appeal bond executed on the appeal of a highway proceeding to the circuit court had such an interest in the result of the proceeding as to disqualify him from acting therein after the proceeding was remanded to the board, and since the board consisted of three members a challenge to his qualification should have been sus-

tained, even though a subsequent imperative necessity might possibly have arisen requiring such commissioner to act.   p. 137.

16.   APPEAL.—*Presentation Below.—Motion for New Trial.*—Where a highway proceeding appealed from the board of county commissioners was dismissed by the circuit court on appellee's motion, without any trial of the issues tendered, a motion for new trial was not required in order to present the judgment for review on appeal to the Supreme Court.   p. 138.

17.   HIGHWAYS.—*Improvement.—Objections.*—Where, following the report of viewers in a highway proceeding, an appeal was taken to the circuit court and the cause was by it remanded to the board, it was then too late to raise the objection that the petitioners were seeking to evade the law requiring the question of highway improvements more than three miles in length to be submitted to the voters of the township, as only objections presenting jurisdictional questions apparent on the face of the record may be presented after the time for filing a peremptory remonstrance.   p. 139.

18.   STATUTES.—*Amendment.—Existence of Act Amended.—Highway Law.*—The act of March 14, 1913 (Acts 1913 p. 690), purporting to amend §62 of the highway act of 1905, is void, both upon the ground that it was superseded by the later act of March 15, 1913 (Acts 1913 p. 914), amending the same section, and for the reason that, having no emergency clause, it could not become effective until the session acts were published, and the later act, by reason of its emergency clause, was immediately effective, whereby said §62 was constitutionally amended and thereafter ceased to exist, so that when the session acts were published there was no §62 of the act of 1905 to which the act of March 14 could apply.   pp. 140, 141.

19.   STATUTES.—*Amendment.*—An amendatory act purporting to amend an act or section that has already been amended is void as an amendatory act because the act or section sought to be amended has no existence.   p. 140.

20.   STATUTES.—*Irreconcilable Acts.—Validity.*—Of two irreconcilable acts passed at the same session, the one approved last will prevail, even though both were designed to go into effect at the same time.   p. 141.

21.   STATUTES.—*Time of Taking Effect.—Amendment Without Emergency Clause.*—Where an amendment is adopted without an emergency clause, the act amended remains in force until the publication of the session acts.   p. 141.

22.   STATUTES.—*Construction.—Highway Law.*—While in the body of the act of March 11, 1913 (Acts 1913 p. 514), §72 of the highway act of 1905 as amended in 1909 (Acts 1909 p. 353) is not

directly designated, it was the evident purpose of the legislature to amend such section; and a fair construction of the two acts discloses no intention in the act of 1913 to make any provision for the use of materials on rural roads, different from that found in the amendment of 1909, so that the question of the retroactive effect of the act of 1913 is not material. p. 141.

23. HIGHWAYS.—*Improvement.*—*Materials.*—*Statutes.*—Under the act of March 11, 1913 (Acts 1913 p. 514), construed with the act of 1909 (Acts 1909 p. 353), amending the highway act of 1905, which provide for the paving of rural highways with "gravel, broken stone and combinations thereof," a binder, such as asphalt, may be used to cause the stone or gravel to coalesce; the question of what is the most suitable material being for the determination of the local authorities. p. 142.

24. EVIDENCE.—*Presumptions.*—It is presumed that county commissioners will faithfully discharge their duties, and will not wantonly, or carelessly, permit injustice to be worked against one township neighborhood by ordering an unnecessarily expensive improvement in another without submitting the question to the voters of the district. p. 144.

From Hamilton Circuit Court; *Joseph Combs,* Special Judge.

Proceedings on the petition of William H. Whitsell and others for the improvement of a highway. From a judgment of the circuit court dismissing the appeal from the order of the board of commissioners, Hamilton Metsker and others appeal. *Reversed.*

*Neal & Neal* and *Shirts & Fertig,* for appellants.

*William V. Rooker, Christian & Christian* and *Kane & Kane,* for appellees.

MORRIS, C. J.—Appellees, in March, 1912, filed their petition for the improvement of a rural highway, 5,400 feet in length, under the provisions of §7711 *et seq.* Burns 1908, Acts 1905 p. 521. The board of commissioners referred the matter for report, to J. S. Shannon, engineer, and John F. Passwater and Larkin Stultz, viewers. Subsequently a report was filed, signed by Shannon as engineer, and Passwater as viewer, in which it was recited that the proposed improvement would be of public utility, and that

there should be used as a paving material, gravel and broken stone, bound together with asphalt or coal tar. The report was accompanied with the proper plat and profile. Following this report was a separate one by viewer Stultz, which recites that if the paving material described in the foregoing report (estimated to cost $13,-600) shall be used, that the cost thereof would render the improvement not of public utility, but that if gravel, (estimated to cost $4,654) alone, be used, the proposed improvement would be of public utility. In other respects he concurred in the report signed by Shannon and Passwater. This report was filed May 20, 1912. On June 3 following, a supplemental report was filed. §7718 Burns 1908, Acts 1905 p. 521. No remonstrance was ever filed. Acts 1909 p. 354.

In July, the board examined the report, and rejected it, and dismissed the petition. From this order Wm. V. Rooker, one of the petitioners, appealed to the circuit court. His appeal bond was signed by Robert E. Washington, as surety. The regular judge declined to hear the appeal and appointed Hon. Samuel R. Artman, as special judge, to determine the matter. On January 15, 1913, Judge Artman heard the cause and adjudged that the order of the board, in dismissing the petition, be vacated, and remanded it to the board "with directions to take such further proceedings under the statute as is provided by law." Subsequently, at the same term, appellants, Metsker, Morris, and Wade, appeared in the circuit court, and filed various verified motions, praying to be admitted as parties defendant, and for the vacation of the judgment theretofore entered. These motions were overruled. Afterwards, on leave of court, they filed a motion for a modification of the judgment, which motion recited that Metsker, *et al.*, were each resident taxpayers of the township in which the highway is located. Thereupon the judgment was modified to read as follows: "It is therefore con-

sidered and adjudged by the Court that the order and judgment of the Board of Commissioners of Hamilton County, Indiana, dismissing the petition herein, be and the same is hereby vacated ·and set aside and held for naught; and it is further stated for the information and direction of said board that the court, in this judgment, does not adjudicate any question as to the jurisdiction of the board over the subject-matter of this proceeding or the validity of the proceedings of the board, except its order and judgment dismissing the petition. S. R. Artman, Special Judge.''

This modification was certified to the board, and thereupon appellants Metsker, Morris and Wade appeared before it, and, by verified written motion challenged the competency of commissioner Robert E. Washington to take part in the hearing of the cause, for the reason that he had, before qualifying as county commissioner, executed, as surety, the appeal bond of Wm. V. Rooker. The challenge was overruled, with commissioner Harvey voting to sustain it. Appellants then tendered to the board, and asked leave to file their verified answers, in which it was alleged, among other things, that each was a resident taxpayer of Noblesville Township, Hamilton County where the highway was situate; that the board was without power to order the improvement as recommended by the report of Passwater, viewer, and the engineer, because the other viewer did not assent to such report; that the board was not authorized to order the proposed improvement of a country highway to be constructed of the materials described in the report of the engineer, and viewer Passwater. The board, by a vote of two, to one, refused the offer to file the answer, commissioner Harvey dissenting. Appellants thereupon by leave of the board, filed their verified motion to submit the question of the improvement to the legal voters of the township. After consideration, the board (commissioner Harvey dissenting) struck the

motion from the files, and, on motion of petitioners, on February 15, 1913, approved the report of viewer Passwater and engineer Shannon, and ordered the construction of the improvement in accordance with such report. Appellants gave notice of their intention to appeal to the circuit court, and, on February 22, 1913, filed their appeal bond with the county auditor, which was approved. No affidavit was filed by appellants with the auditor showing the interest or grievance of appellants. Acts 1909 p. 353; §6021 Burns 1908, §5772 R. S. 1881.

On April 25, 1913, the cause was presented for hearing in the circuit court, and appellees filed a motion to dismiss the appeal, for the following reasons: (1) the appellants filed no remonstrance before the board; (2) there was no issue to try in this court; (3) appellants filed no affidavit with the auditor showing interest or grievance, and were not parties to the action. The further hearing of the cause was adjourned to May 29, 1913, when appellees' motion was sustained and the appeal dismissed. From that judgment, this appeal is prosecuted, and the action of the circuit court, in dismissing the appeal, is here assigned as error. Appellees have filed a motion to dismiss the appeal, assigning several grounds therefor, of which the principal one is the alleged

1. fact that the circuit court had no jurisdiction of the matters presented in appellants' appeal from the final order of the board, and consequently this court has no jurisdiction of this appeal. If it were true that

2. the circuit court had no jurisdiction of the subject-matter of the appeal, such fact would require an affirmance of the judgment, rather than a dismissal of this appeal. The other reasons assigned deal wholly with the merits of the ruling of the trial court. The motion is overruled at appellees' cost. *Ryder* v. *Shea* (1913), 180 Ind. 574, 103 N. E. 411.

Appellees' counsel contend that the circuit court had no jurisdiction of the last appeal, because appellants were not

parties to the proceeding while it was pending before
3. the board of commissioners, and because no affidavit
was filed with the county auditor, showing grievance
or interest. If it be conceded, as appellees contend,
4. that appellants did not become parties to the proceed-
ing, while it was pending before Judge Artman, it
must, nevertheless, be held that they became parties thereto,
after it was remanded to the board. By leave of the latter,
appellants filed a proper petition praying the board, to sub-
mit the question of improvement to the township voters.
At the same time, appellants tendered verified answers show-
ing they were taxpayers of the township, and challenging
the jurisdiction of the board to order the improvement be-
cause of defects appearing on the face of the record. Where
want of jurisdiction appears on the face of the record, the
question may be raised for the first time in this court.
*Aetna Life Ins. Co.* v. *Jones* (1909), 173 Ind. 149, 89 N. E.
871, and cases cited. Appellants were authorized in the
capacity of parties, to appeal to the circuit court without
filing the affidavit required by §6021 Burns 1908, §5772
R. S. 1881. *Voorhees* v. *Indianapolis Car Mfg. Co.* (1894),
140 Ind. 220, 39 N. E. 738; *Strebin* v. *Lavengood* (1904),
163 Ind. 478, 71 N. E. 494; *Clough* v. *Thomas* (1876), 53
Ind. 24. The suggestion of appellees' counsel, that
5. the allegation in the appellants' tendered answers,
that they were taxpayers of the township, is not
sufficient, because it does not warrant the just inference
that they were taxpayers in any other respect than payers
of poll tax, and hence not interested, is too technical for
serious consideration. The interest was sufficiently alleged.

Appellants contend that the board had no power to order
the improvement on the report of one viewer and the
engineer, while appellees take the position that the
6. engineer is a viewer, and that a report concurred in
by the engineer and one viewer is sufficient under
subd. 2, §240 Burns 1908, §240 R. S. 1881, which provides

that "words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared. * * *." The statutory provisions relating to the appointment and duties of engineer and viewers are found in §§7715-7718 Burns 1908, Acts 1905 p. 521, §§66-69. These provisions are substantial copies of like ones found in the assessment highway act of March 3, 1877 (Acts 1877 p. 82, §§5092-5094 R. S. 1881). The act of 1877 provided for the appointment of three viewers, besides the engineer, while this act provides for two. The present highway law (§7716 Burns 1908, Acts 1905 p. 521, §67) exacts from the engineer a bond, conditioned for the faithful discharge of his duties, with liability for wrongful acts or negligence, and also §7717 Burns 1908, Acts 1905 p. 521, §68, requires the report to be signed by the engineer and each viewer. In *Thompson* v. *Goldthwait* (1892), 132 Ind. 20, 31 N. E. 451, this court, in construing the act of 1877 held that the engineer was not a viewer. This decision has never been questioned. It is a familiar

7. rule that where a statute has been construed by this court, in a single case, or uniformly in several cases, and thereafter the legislature substantially reënacts it, it thereby adopts the court's construction, unless the contrary appears. *Board, etc.* v. *Connor* (1900), 155 Ind. 484, 58 N. E. 828; authorities cited in *State* v. *Ensley* (1912), 177 Ind. 483, 489, 97 N. E. 113. The viewers constitute a

8. special tribunal or jury to determine, among other things, the public utility of the proposed work, and assess damages, if any. 2 Lewis, Eminent Domain (2d ed.) §400. To require a bond of a juror, rendering him liable for negligence in the performance of his duties, would introduce into the law a principle heretofore unknown, and one so abhorrent to a proper conception of a juror's independence, that no such intent should be imputed to the legislature, from any provision found in this act. Were the question here presented an open one, we should feel con-

strained to hold that the statute does not make the engineer a viewer. With the statute substantially reënacted, after a construction thereof by this court, the question can no longer be deemed a debatable one. It follows that the board had no jurisdiction to order the improvement on the report of one viewer, and the circuit court erred in dismissing the appeal. The proper practice in cases of disagreement of the viewers would be to reject their report, and refer the petition back to them for another report, unless it should plainly appear that there is no possibility of agreement, in which case new viewers should be appointed.

Appellees claim that as there was no appeal from the judgment rendered by Judge Artman, that appellants are bound thereby and that the only judgment rendered by him was the first one, and that the modification thereof by him was without jurisdiction and void. The modification was made at the same term of court as that of the original order, and it was clearly competent for the presiding judge to make the modification. The judgment, as modified, was a valid one. *Bland* v. *Cassaday* (1913), *ante* 36, 102 N. E. 853. And, as it was limited to the single proposition that the board erred in dismissing the petition, appellants were not thereby precluded, when the cause was remanded, from questioning the jurisdiction of the board because of matters apparent on the face of the record, or from timely challenging a member of the board for disqualification, or raising other questions not waived by delay.

Appellants' counsel contend that the board erred in refusing to consider the tendered challenge of commissioner Washington. Appellees say the challenge came too late—that all objections of interested parties are waived after the expiration of the time for the filing of a peremptory remonstrance. Acts 1909 p. 353. The challenge here was made at the first opportunity. Before

the first appeal, Washington was not a commissioner, but became such, in January, 1913. If the challenge was otherwise sufficient to require a hearing, the board erred in rejecting it. *Thompson* v. *Ferguson* (1913), 180 Ind. 312, 102 N. E. 965.

Appellees concede that Wm. V. Rooker's appeal was an *ex parte* one. It is alleged that commissioner Washington executed the appeal bond as surety. A fee bill might have been issued against him. §626 Burns 1908, §599 R. S. 1881. On the other hand, if the proposed work were established, the costs of the appeal were properly taxable as a part of the costs of the proceeding. It was discretionary with the commissioners, if all the proceedings were according to law, either to submit the question of the improvement to the determination of the voters, or order it without such determination. In exercising such discretion, the board acted in a judicial capacity. In *Small* v. *Buchanan* (1905), 165 Ind. 549, 553, 76 N. E. 167, it was said: "It is a fundamental principle that all tribunals clothed with judicial or *quasi* judicial functions shall be disinterested and unbiased in all matters brought before them. Any other rule or doctrine would be abhorrent to a natural sense of justice, and incompatible with judicial action." A judge's direct, pecuniary interest in the result of the litigation furnishes sufficient ground for his recusation, regardless of whether such interest is great or small. *Moses* v. *Julian* (1863), 45 N. H. 52, 84 Am. Dec. 114, and notes; *Tootle* v. *Berkley* (1899), 60 Kan. 446, 56 Pac. 755; *Pearce* v. *Atwood* (1816), 13 Mass. 324. However, where the interest is indirect, such as that of a general taxpayer, it does not ordinarily disqualify. Note to *Grafton* v. *Holt* (1905), 6 Ann. Cas. 406. In *People* v. *Suffolk* (1836), 18 Wend. (N. Y.) 550, it was said: "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion

of the fairness and integrity of the judge.'' This declaration has met with the approval of many American courts. *Conant's Appeal* (1907), 102 Me. 477, 76 Atl. 564, 120 Am. St. 512.

A surety on a bond, subsequently called on to act in a judicial capacity in a proceeding where the bond was given, or, in any matter or proceeding, involving a liability on the bond, is disqualified from acting. 23 Cyc. 581; *Wilson* v. *Wilson* (1860), 36 Ala. 655. An exception to the general rule of disqualification is recognized by some courts, including this one, where the disqualification, if permitted to prevail, would destroy the only legal tribunal for the hearing of the matter in issue, and thus bar any hearing; unless the disqualified judge may be compelled to act. *Galey* v. *Board, etc.* (1909), 174 Ind. 181, 91 N. E. 593, Ann. Cas. 1912 C 1090; 23 Cyc. 581, and authorities cited. But the exception is not recognized, except in cases of imperative necessity; and, in determining such necessity, the greatest of care must be exercised. 23 Cyc. 582. Where the tribunal, as here, consists of three persons, an interested commissioner should act only where his refusal to do so would effectually bar any remedy. The challenge here was timely, and the board erred in refusing a consideration thereof, even though there might have arisen subsequently an imperative necessity for the recused commissioner to have acted, and it follows that the circuit court erred in dismissing the appeal without a hearing on such matter.

It is urged by counsel for appellees that appellants, by failing to file any motion for a new trial in the court below, have no ground on which to base their application 16. for a review of the judgment. There was no trial in the court below, and consequently such a motion would have been illogical. On appellees' motion, the court dismissed the appeal without any trial of the issues tendered, and a motion for a new trial would have presented nothing for review. *Werley* v. *Huntington Waterworks Co.*

(1894), 138 Ind. 148, 37 N. E. 582; *Galey* v. *Mason* (1910), 174 Ind. 158, 91 N. E. 561, Ann. Cas. 1912 C 1290, and cases cited.

After Judge Artman remanded the cause, appellants tendered to the board an answer in which it was sought to present the question of the power of the board to order the improvement without submitting the question to the voters. It appears, from appellants' brief, to be their theory that the petitioners were seeking to evade the law requiring a submission of the question of improvement of a highway more than three miles in length, to the township voters, by dividing it into connecting portions less than three miles long, and filing separate improvement petitions for each of such portions. It is sufficient to say that if any such issue was tendered, it came after the time for the appointment of viewers, and, hence, too late. No infirmity of the nature suggested, appears on the face of the petition; the law gives twenty days after the time set for hearing, in which to file a peremptory remonstrance. When that time expires, if there is no remonstrance, it becomes the duty of the board to appoint viewers. Acts 1909 p. 353. It is then too late to present objections which could have been presented earlier, unless the objection raises a jurisdictional question, apparent on the face of the record.

Appellants contend that under the provisions of §72 of the highway act as amended in 1909, rural highways may not be paved by the use of gravel or stone, with coal tar, or asphalt, as a binder. Acts 1909 p. 353, §2. Counsel for appellees maintain that, even under the act of 1909, such binding material may be used; but if not, that certain acts of the legislature of 1913, warrant such use, and that such acts were retroactive. He calls our attention to the act of March 14, 1913 (Acts 1913 p. 690) and the act of March 11, 1913 (Acts 1913 p. 514). Appellants contend that the above statutes are not retroactive, and that said act of March

14, 1913 (Acts 1913 p. 690) is not in force, because super-
seded by the act of March 15, 1913 (Acts 1913 p. 914).

The above act of March 14, 1913, *supra,* purports to
amend §62 of the highway act of 1905, so as "to read as
follows." It grants authority to lay out or rebuild
highways, and pave them with "stone, gravel, brick,
bituminous macadam, or other road material." If a
law, this act removes all limitations on the character of pav-
ing materials. The above act of March 15, 1913, purports
to amend §62 of the highway act, so as "to read as follows."
The provisions relating to materials to be used are the same
as in the original act. §7711 Burns 1908, Acts 1905 p. 521.
The act contains an emergency clause. Is the act of March
14, 1913, in effect? We have here not simply the question
of an implied repeal by repugnant provisions. Each of the
acts of March 14 and 15, 1913, respectively, purport to
amend the same section of the highway law so as "to read as
follows," and the reading of the two acts is radically dif-
ferent. Both acts cannot be in effect, for there is but one
section numbered 62, and it can read only one way. *Draper*
v. *Falley* (1870), 33 Ind. 465; *Detroit, etc., R. Co.* v. *Barnes
Paper Co.* (1912), 172 Mich. 586, 138 N. W. 211. Section
21, Art. 4, of our Constitution provides that in amending,
or revising, an act, the act, as revised or amended, shall be
set forth at full length. It has been held, often and
consistently, by this court, that an amendatory act
which purports to amend an act or section that has
already been amended, is void as an amendatory act because
the act or section sought to be amended has no existence.
*Draper* v. *Falley, supra; Blakemore* v. *Dolan* (1875), 50
Ind. 194; *Reissner* v. *Hurle* (1875), 50 Ind. 424; *Cowley* v.
*Town of Rushville* (1878), 60 Ind. 327; *Weatherhogg* v.
*Board, etc.* (1901), 158 Ind. 14, 62 N. E. 477; *Sage* v. *State*
(1890), 127 Ind. 15, 26 N. E. 667; *State, ex rel.* v. *Wheeler*
(1909), 172 Ind. 578, 89 N. E. 1, 19 Ann. Cas. 834. By
the act of February 1, 1875 (Acts 1875 p. 166), §10 of an

act of 1859 was amended with an emergency clause. By the subsequent act of February 26, 1875, it was sought to amend the same section of the act of 1859. This act had no emergency clause. In *Lawson* v. *DeBolt* (1881), 78 Ind. 563, the latter act was held invalid because §10 of the act of 1859 had already been superseded by the amendment of February 1, 1875. In *Ex parte Sohncke* (1906), 148 Cal. 262, 82 Pac. 956, 2 L. R. A. (N. S.) 813, 7 Ann. Cas. 475, 113 Am. St. 236, it was held that an act of a certain day, designed to go into effect with the publication of the session acts, was repealed by an inconsistent enactment of the day following, taking immediate effect. In *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 621, 85 N. E. 513, it was held that of two irreconcilable acts, passed at the same session, the one approved last, will prevail, even though both were designed to go into effect at the same time.

Where an amendment is adopted without an emergency clause, the old act remains in force until the publication of the session acts. *Cummins* v. *Pence* (1910), 174 Ind. 115, 91 N. E. 529. When the act of March 14, 1913, was adopted, §62 of the original highway act was in existence, and, consequently, when the act of March 15, 1913, *supra,* was passed, §62 of the original act of 1905 was constitutionally amended, and thereafter ceased to exist; and when the session laws were subsequently published, there was no §62 of the act of 1905 to which the amendatory act of March 14 could apply. Had there been no emergency clause to the act of March 15, nevertheless it would have superseded the act of March 14. *State, ex rel.* v. *Board, etc., supra.* Viewed from either standpoint, the act of March 15, must prevail, and we therefore hold that the act of March 14, *supra,* is void.

Previous to the 1909 amendment of §72 of the highway act, (Acts 1909 p. 353) there was no limitation on the character of paving materials that might be used on rural highways; but that amendment created cer-

tain restrictions. *Strange* v. *Board, etc.* (1910), 173 Ind. 640, 91 N. E. 242. By such amendment such materials only as "gravel, broken stone and combinations thereof," were permissible in the improvement of country roads. The act contained also the somewhat ambiguous prohibition against "street paving materials." This phrase, considered alone, and literally interpreted, would have prohibited the use of a very common form of street paving, known as macadam. Of course no such result was intended; it was designed by the act of 1909 to prohibit, on country roads, the use of the more expensive methods of paving, such as brick, granite, block, etc. While in the body of the act of March 11, 1913 (Acts 1913 p. 514) §72 of the highway act, as amended in 1909 (Acts 1909 p. 353) is not directly designated, it was the evident purpose of the legislature to amend such section so as "to read as follows." *Bush* v. *City of Indianapolis* (1889), 120 Ind. 476, 22 N. E. 422. This act omits the prohibition against "street paving materials" found in the 1909 amendment, but in express terms provides for the use of "gravel, broken stone and any combination thereof," and declares that if any street of any town be improved under the provisions of the act, "and the expense per mile of such improvement is greater than the average expense per mile of road or roads constructed * * * of gravel, broken stone and combinations thereof, in such township outside the limits of every city or town in such township" the excess cost per mile shall be paid by such city or town. A fair construction of the two acts leads to the conclusion that this amendment of 1913 was not designed to make any provision, regarding the use of materials on rural roads, different from that found in the amendment of 1909, and, consequently, it is not material whether the act of 1913 has a retroactive operation. Each act provides for the use of "gravel, broken stone, and combinations thereof." Appellants contend that this prohibits the use of any third substance, even as a binder, or filler of voids.

This interpretation is too narrow. Among the definitions of "combine, v. i." are the following: "To coalesce; to unite by affinity or natural attraction; as two substances, which will not combine of themselves may be made to *combine* by the intervention of a third." Webster, Unabridged Dictionary. It is quite true that in seeking the legislative intent of a statute, courts are not necessarily limited by definitions found in even the most carefully prepared dictionaries. *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, 44 L. R. A. (N. S.) 816. Resort to extrinsic aids, in interpretation, is often appropriate and necessary. The use of both gravel and broken stone in the improvement of rural highways has been recognized by our laws since the early history of the State. R. S. 1843 p. 337. Of recent years, bond issues have been permitted to the extent of four per cent of the assessed valuation of township property, in rural communities, for road improvement purposes. It is well known that before the advent of the automobile, highways paved with broken stone or gravel, were found satisfactory for general use. Long before 1909, the automobile was in general use in Indiana, and owing to the fact that gravel and broken stone, used alone, would not so coalesce as to form such a union as would prevent disintegration by the suction of automobile tires, a new problem was presented, relative to the repair of such highways. After the enactment of the highway act of 1905, *supra,* country roads were frequently paved with brick and other kinds of highly expensive paving material. *Strange* v. *Board, etc., supra.* As the limit of indebtedness was four per cent of assessed valuation of taxables, this worked great injustice, because, in most communities, only a trifling portion of the township highways could be paved with brick, or equivalent paving material, without exceeding the debt limit. Neither the legislature of 1909, nor any succeeding one has raised the four per cent debt limitation. On the other hand, the General Assembly

of 1909, enacted a more equitable application of improvement funds, by limiting the use of rural highway paving materials to gravel and broken stone and combinations thereof. Either gravel or stone exists in abundance in most of the counties of the State. However, it is manifest that the legislature had a purpose in view in providing for the use of "combinations" of stone and gravel, and it is scarcely to be doubted that such purpose was to prevent, or mitigate, the disintegrating effect of automobile traffic on stone or gravel highways, and, in securing such result, to permit the gravel or broken stone, or both, to be more closely united by binding with coal tar, cement, or other substance adapted to such purpose. As the statute is silent on the subject of binding material, we cannot say that the use of asphalt, for such purpose, would be unlawful, even if it were conceded that its use might entail unnecessary expense. It must be remembered that no board of commissioners is bound to order a highway improvement, of the character here in controversy, without submitting the question to a township vote. It will be presumed that county commissioners will faithfully discharge their duties, and will not wantonly, or carelessly, permit injustice to be worked against one township neighborhood, by ordering an unnecessarily expensive improvement in another, without submitting such question to the voters of the entire district, against the taxable property of which the assessment must be made.

In so far as the use of country highway materials is concerned, the act of 1913 (Acts 1913 p. 514) does not differ from the 1909 amendment of §72 of the highway act, and consequently, it is unnecessary to decide whether the act of 1913 is retroactive. We hold that under either act, a binder may be used, to form a closer union of stone or gravel, and the question of what is the most suitable material is one for the determination of the local authorities.

Judgment reversed with instructions to overrule appel-

lees' motion to dismiss the appeal and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 103 N. E. 1078.  See, also, under (1) 3 Cyc. 189; (2) 3 Cyc. 197; (3) 37 Cyc. 138; (4) 2 Cyc. 678, 680; (5, 17) 37 Cyc. 76; (6) 37 Cyc. 97; (7) 36 Cyc. 1153; (8) 37 Cyc. 100, 101; (9) 37 Cyc. 112, 113; (10) 23 Cyc. 613, 23 Cyc. 859; (11) 37 Cyc. 113; (12) 37 Cyc. 83; (13) 37 Cyc. 85; (14) 23 Cyc. 576, 581; (16) 29 Cyc. 753; (18) 36 Cyc. 1055, 1056, 1193; (19) 36 Cyc. 1055; (20) 36 Cyc. 1130; (21) 36 Cyc. 1193, 1199; (23) 37 Cyc. 222; (24) 16 Cyc. 1076.  As to validity of judgment by disqualified judge, see 84 Am. Dec. 126.