GRIFFIN ET AL. *v.* PEARCE ET AL.

[No. 23,148.  Filed March 20, 1918.]

1. APPEAL.—*From Board of Commissioners.*—*Perfection of Appeal.*—*Dismissal.*—A motion in the circuit court to dismiss an appeal from the board of commissioners on the ground that the appeal was perfected by only one of the parties and that he was not shown to be interested, was properly overruled, where the record shows that such party, although designated as the principal in the appeal bond, was not the only appellant and that some of his coappellants were affected by the proceeding.  p. 289.

2. HIGHWAYS.—*Public Utility.*—*Failure of Engineer to Report.*—*"Viewer."*—Although it is the duty of the engineer to file

a written report of his conclusions in a proceeding for the establishment of a free gravel road under §7712 et seq. Burns 1914 (Acts 1905 p. 521, as amended, Acts 1913 p. 418), his failure to file such report could not affect the report of the two viewers that a proposed highway would not be of public utility, since the engineer is not a "viewer" within the meaning of the statute. p. 290.

3. HIGHWAYS.—Report of Majority of Body.—Validity.—The report of two viewers that a proposed establishment of a highway would not be of public utility was not affected by the failure of the engineer to report as to his conclusions, since a report concurred in by a majority of any body is valid in the absence of legislative provision to the contrary. p. 290.

4. HIGHWAYS.—Establishment.—Report of Viewers.—Dissent of Engineer.—Statute.—Since the statute relative to the establishment and construction of highways under §7712 et seq. Burns 1914 (Acts 1905 p. 521, as amended, Acts 1913 p. 418) provides for only two viewers, they must concur in any report in order to make it effective, and when they do concur their report is not affected by the dissent of the engineer, whether indicated in an affirmative or negative manner. p. 290.

5. HIGHWAYS.— Establishment.— Report of Viewers.— Jurisdiction of Commissioners.—Where the original viewers in a proceeding for the establishment and construction of a highway, under §7712 et seq. Burns 1914 (Acts 1905 p. 521, as amended, Acts 1913 p. 418) reported that the proposed highway would not be of public utility, the board of commissioners had no jurisdiction to proceed further. p. 290.

From Henry Circuit Court; Robert M. Van Atta, Special Judge. :

Petition by Henry E. Rader and others to establish a free gravel road. From an order of the board of commissioners establishing the highway and directing its construction, appeal was taken to the circuit court, where the motion of Frank G. Pearce and others to dismiss the proceeding was sustained, and the petitioners, Frank G. Griffin and others, appeal. Affirmed.

Barnard & Jeffrey and Scotten & Hinshaw, for appellants.

H. H. Evans, for appellees.

SPENCER, C. J.—This proceeding has its origin in a petition filed by Henry E. Rader and others before the board of commissioners of Henry county asking for the establishment and construction of a certain free gravel road in said county under the provisions of §7712 *et seq.* Burns 1914 (Acts 1905 p. 521; Acts 1913 p. 418). The petition was regularly referred to an engineer and two viewers, of whom the latter subsequently filed a written report in which they stated that the proposed highway would not be of public utility. This report was not signed or concurred in by the engineer and, on motion of the petitioners, the board discharged said engineer and viewers from further consideration of the cause and appointed another engineer and two other viewers to consider the proposed improvement. Their report was favorable to the new road and such further proceedings were had as resulted in an order of the board of commissioners establishing the proposed highway and directing its construction. From this order an appeal was taken to the Henry Circuit Court, where appellees' motion to dismiss the proceeding was sustained on the ground that the board of commissioners had no jurisdiction to proceed further in the cause, nor to appoint other and subsequent viewers after the first viewers had determined that the construction of the proposed improvement would not be of public utility.

Preliminary to a consideration of the question presented by this ruling, appellants insist that the appeal from the board of commissioners to the circuit court was perfected only by Frank G. Pearce, and that, as he is not shown to be an interested party, the appeal to the circuit court should have been dismissed. It is apparent from the record, however, that Pearce, although designated as principal in the

appeal bond, was not the only party appellant in the proceeding before the circuit court, and as some of his coparties were affected by the proposed improvement, the motion to dismiss the appeal was properly overruled.

We are of the opinion, also, that the action of the circuit court in sustaining appellees' motion to dismiss the entire proceeding contains no error. Although

2. the law made it the duty of the engineer to file a written report of his conclusions as to the proposed work, his failure so to do could not affect

3. the report of the two viewers that the improvement would not be of public utility. It is well settled that the engineer is not a viewer within the meaning of the statute. *Metsker* v. *Whitsell* (1913), 181 Ind. 126, 135, 103 N. E. 1078; *Thompson* v. *Goldthwait* (1892), 132 Ind. 20, 24, 31 N. E. 451. And it is equally clear that a report concurred in by a majority of any body is valid and binding in the absence of legislative provision to the contrary. *Bronnenburg* v. *O'Bryant* (1894), 139 Ind. 17, 20, 38 N. E. 416; *Scraper* v. *Pipes* (1877), 59 Ind. 158, 164; *Hays* v. *Parrish* (1875), 52 Ind. 132, 134; §240, cl. 2, Burns 1914, §240 R. S. 1881.

There being but two viewers provided for in the statute under consideration, it follows that they must concur in any report which is made in order to

4. render that report effective (*Metsker* v. *Whitsell*, *supra*, 135), and when they do concur their report is not affected as to its validity by the dissent

5. of the engineer, whether indicated in an affirmative or a negative manner. In the present case, the report of the original viewers being that the proposed improvement would not be of public utility,

the board of commissioners had no jurisdiction to proceed further with the cause.

Judgment affirmed.

Note.—Reported in 119 N. E. 8.