## MILK CONTROL BOARD *v.* PURSIFULL

[No. 27,562. Filed October 14, 1941.]

*Browne, Campbell & Gemmill,* of Marion, and *Charles G. Dailey,* of Indianapolis, for appellant.

*Condo, Van Atta, Batton & Harker,* of Marion, for appellee.

ON MOTION TO DISMISS APPEAL.

SWAIM, J.—The appellee has filed a motion to dismiss this appeal on the ground that the Milk Control Law expired by limitation June 30, 1941, and that, therefore, this appeal presents only a moot question.

The Milk Control Law was enacted in 1935. Acts 1935, ch. 281, p. 1365. Section 25 of the original act provided that the provisions of the act should apply only during the "emergency period" which was defined as the period between the effective date of the act and July 1, 1937. In 1937 the General Assembly amended several sections of the original act, including § 25. Acts 1937, ch. 215, p. 1071. Said § 25, as amended, provided that "This act shall expire by limitation" on June 30, 1939, except as to "any right of action or cause of prosecution' then accrued or existing, arising out of this act." The 1939 Legislature by an amendatory act, (Acts 1939, ch. 26, p. 67), extended the expiration date to June 30, 1941. In 1941, the General Assembly passed another act (Acts 1941, ch. 198, p. 599), amending several sections of the 1937 amendatory act and also § 1 of the 1939 amendatory act thereby extending the date of expiration to the 30th day of June, 1943. This final amendatory act was approved

by the Governor, March 11, 1941. It did not carry an emergency clause, and therefore, did not become effective until July 8, 1941, the date of the proclamation by the Governor that the published Acts had been distributed in all of the counties of the State, and that said Acts were in effect.

Appellee contends that since the last amendatory act did not become effective until July 8, 1941, and since the original act, as amended in 1939, expired by limitation on June 30, 1941, the 1941 amendatory act was an invalid attempt to amend a law which had expired.

There can be no doubt from the language of the 1941 Act as to the intention of the Legislature. It was clearly intended that the operation of the Milk Control Law, as amended, should be continued and extended for another period of two years. This court has held, however, that an act is invalid which purports to amend a statute which has been repealed, or which has been judicially declared invalid in its entirety. This has been held on the theory that the Legislature cannot amend an act or a section of an act not *then* in force. *Kramer* v. *Beebe* (1917), 186 Ind. 349, 115 N. E. 83.

In other states, however, it has been held that the Legislature may validly amend an original act which had theretofore been amended or repealed, or which, for some other reason, was not then in force. In 25 Ruling Case Law, § 157, p. 906, it is said that "the decided weight of authority and the better opinion is that an amendatory statute is not invalid, though it purport to amend a statute which had previously been amended, or for any reason had been held invalid." Vol. I Lewis' Sutherland Statutory Construction, § 233, p. 436, says that this view is sustained by the decisions and cites many cases so holding.

An examination of the authorities on this question reveals that in all such cases which have been considered by this court the original act had been repealed prior to the passage of the amendatory act. In other words, while the amendatory act was still in the legislative process of enactment there was no original law to amend.

In the instant case the 1941 amendatory act was duly passed by both houses of the General Assembly, was signed by the presiding officers of the respective houses and on March 11, 1941, it was approved by the Governor. At that time the Milk Control Law was in force and subject to amendment by the Legislature. By the amendatory act the Legislature, in effect, determined that the emergency which made the original Milk Control Law necessary was still in existence and would be until June 30, 1943. An emergency clause might have been added to the amendatory act, but there was then no apparent emergency to justify the inclusion of an emergency clause. The law had been in force since 1935 and in the ordinary course of events the acts would be published and distributed to the counties by the Secretary of State, and the Governor's proclamation would be issued before the expiration date fixed in the 1939 amendment. The approval of the amendatory act by the Governor on March 11, 1941, was the last necessary step in the legislative process. It was then a duly enacted law of the General Assembly. Nothing remained but the administrative acts of the Secretary of State in distributing copies of the printed acts and of the Governor declaring them effective. *Ross, Trustee* v. *Chambers* (1938), 214 Ind. 223, 14 N. E. (2d) 1012.

Should the delay in performing these purely administrative acts be permitted to thwart the purpose and

intention of the Legislature? In *State ex rel.* v. *Grant Superior Court* (1930), 202 Ind. 197, 211, 172 N. E. 897, this court said, "The proceedings by the General Assembly and the actions of the Governor necessary for the passage of a bill and to make it a law are stated in the Constitution. The necessary procedure, as thus stated by the organic law, may not be enlarged, curtailed, changed or modified by any governmental authority." In that case the bill in question, after passage by both houses, was delivered to the Governor and then was lost. It had an emergency clause but was not approved by the Governor. It was held to have become a valid law and to be in effect without publication.

The language in only one decision by this court lends apparent support to the appellee's contention that the rule that the Legislature may not amend an act which is not *then* in force is broad enough to make invalid an amendatory act, valid when passed by the General Assembly and approved by the Governor, but which does not become effective until after the original act expires. On March 14, 1913, an act (Acts 1913, ch. 251, p. 690) amending § 62 of the Highway Act was approved by the Governor. On the next day, March 15, 1913, the Governor approved another act (Acts 1913, ch. 338, p. 914) amending the same section of the same original law. This second act contained an emergency clause and, consequently, became effective upon its approval by the Governor. In *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 141, 103 N. E. 1078, this court held that the second amendatory act prevailed. In discussing the question the court said: "When the act of March 14, 1913, was adopted, § 62 of the original highway act was in existence, and, consequently, when the act of March 15, 1913, *supra*, was passed, § 62 of

the original act of 1905 was constitutionally amended, and thereafter ceased to exist; and when the session laws were subsequently published, there was no § 62 of the act of 1905 to which the amendatory act of March 14 could apply."

To support this language the court cited *Lawson* v. *DeBolt* (1881), 78 Ind. 563, which held that an amendatory act with an emergency clause approved February 1, 1875, amended the original section as of February 1, 1875, and, therefore, a subsequent act approved February 26, 1875, purporting to amend the same original section was invalid because the section it purported to amend had been repealed by implication by the prior amendment. In that case the original section was not in force when the second amendatory act was passed (passed by both houses of the General Assembly and approved by the Governor). The situation was just the same as if the original section had been repealed by a prior Legislature. The court also cited *Ex Parte Sohncke* (1905), 148 Cal. 262, 82 P. 956 and *State ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595, 85 N. E. 513, which held that as between two inconsistent acts passed by the same session of the Legislature the second act prevails. This court in *Metsker* v. *Whitsell, supra,* after using the above language, concluded as follows: "Had there been no emergency clause to the act of March 15, nevertheless it would have superseded the act of March 14. *State, ex rel.* v. *Board, etc., supra.* Viewed from either standpoint, the act of March 15, must prevail, and we therefore hold that the act of March 14, *supra,* is void."

There is ample authority, in addition to the two cases cited by the court, that as between two inconsistent acts passed by the same session of the Legislature, even if they become effective at the same time, the one subsequently passed prevails. This

well-established rule was sufficient to support the holding in *Metsker* v. *Whitsell, supra,* and the language of the court to the effect that at the time the first amendatory act became effective there was no § 62 to which it could apply, was not necessary to the decision and was supported by neither the holding nor the language in *Lawson* v. *DeBolt, supra.*

The Milk Control Law was in force when the 1941 amendatory act was passed. Upon its passage and approval by the Governor said act became a valid enactment of the General Assembly. It was regularly published in the 1941 Acts. Upon the proclamation of the Governor on July 8, 1941, said amendatory act became effective as one of the Acts of the 1941 General Assembly. The Milk Control Law was thereby amended and the time specified for expiration was changed to June 30, 1943.

The motion to dismiss this appeal is overruled.

NOTE.—Reported in 36 N. E. (2d) 850..